# Commonwealth ex rel., Appellant, *v.* Betts.

*Desertion—Order of support—Testimony—Review by Superior Court.*

An order of support, based on competent evidence, will not be reversed, on appeal, by the Superior Court.  The law has placed upon the lower court the duty of deciding what sum is reasonable and proper for the comfortable support and maintenance of a wife and child, and to determine whether defendant has sufficient ability to pay such sum.  Unless there is a clear abuse of discretion, the appellate court will not substitute its judgment for that of the trial judge.

Argued December 15, 1920.  Appeal, No. 175, Oct. T., 1920, by prosecutrix, from judgment of Q. S. Bucks County, Nov. T., 1910, No. 24, making an order in support in the case of Commonwealth of Pennsylvania v. Jacob C. Betts.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

96, (1921).] Statement of Facts—Opinion of the Court.

Petition for support. Before RYAN, P. J.

The facts are stated in the opinion of the Superior Court.

The court ordered the defendant to pay to his wife Alice M. Betts for the support of herself and child, the sum of $9 per week. Prosecutrix excepted to the amount of the order and appealed.

*Error assigned,* among others, was the order of the court.

*Thomas Ross,* for appellant.

*Henry A. James,* and with him *William H. Satterthwaite, Jr.,* for appellee.

OPINION BY TREXLER, J., March 5, 1921:

In 1910, Alice M. B. Betts charged her husband Jacob C. Betts with desertion and nonsupport, and the court after hearing sentenced the defendant to pay $3 per week for the support of her and her child. From time to time this amount has been increased. On October 7, 1919, a hearing was held and the defendant was directed to pay $9 per week. To this order the prosecutrix excepted and took an appeal.

We do not propose to quote the testimony. Sufficient facts were presented to justify the finding of the court below. There was a dispute as to the ability of the defendant, and counsel for the appellant argues that he has evaded and concealed his true condition, and that he is abundantly able to pay $20 per week instead of the sum of $9 fixed by the court, and that this latter sum is necessary for the support of her and her child. The lower court, however, was better able to judge the truth of those statements than we are. After all, the law has placed on the lower court the duty of deciding what sum is "reasonable and proper" for the comfortable support and maintenance of a wife and child, and to determine

Opinion of the Court.    [76 Pa. Superior Ct.

whether defendant is of sufficient ability to pay such sum.  Unless there is a clear abuse of discretion, it is not for us to substitute our judgment for his.  The appellant contends that the Act of April 18, 1919, P. L. 72, changes the law and that this court shall review, as part of the record, the testimony taken in the lower court, with like effect, as upon an appeal from a judgment entered upon the verdict of a jury in an action of law, and the appeal so taken shall not have the effect only of a certiorari to review the regularity of the proceedings in the court below.  This is correct, but as stated in Hand's Case, 266 Pa. 277, this does not require us to overrule the findings which have evidence to sustain them.  If this matter could have been submitted to a jury and they had fixed the amount of $9 as the sum which defendant should pay, we certainly would not set aside the verdict.  Considering all of the testimony it would be reasonable for a jury to decide that this was a proper sum.  We feel there is sufficient evidence to sustain the order of the court and that ends the matter.

Judgment affirmed.