Commonwealth *v.* Heck, Appellant.

Argued April 30, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Truman D. Wade,* and with him *Joseph G. McKeone,* for appellant.

*Thomas L. Hoskins,* and with him *William E. Parke,* District Attorney, for appellee.

Opinion by Stadtfeld, J., July 13, 1934:

This is an appeal by defendant, Oscar D. B. Heck, from an order for the support of his wife, relatrix in the above entitled case, directing the payment by defendant of $10 per week and to enter into a bond in the sum of $500, with surety, conditioned for the faithful compliance with the court's order.

According to the testimony, Henrietta Heck, the

prosecutrix, and her husband, Oscar D. B. Heck, the defendant, were married on March 9, 1931; after their marriage, they took up their residence at the defendant's apartment in Parkerford, Chester County, where they lived for about one and one-half years; that later they moved to Philadelphia but defendant never found a house to suit him and left prosecutrix to live with her aunt, leaving with the aunt a great deal of the furniture belonging to them. Prior to the time they moved to Philadelphia, defendant failed to come home at night and gave as his reason the press of business in Philadelphia; after they moved to Philadelphia, defendant failed to come home at night and gave as his reason the press of business at Parkerford. While living at Parkerford, the defendant conveyed his apartment house, in which they were living, to his brother-in-law, Paul Castner, for $800, subject to a mortgage of $13,000; the money was furnished by defendant's father who paid the real estate broker and, after the sale, the real estate broker turned the money over to the defendant who, in turn, returned it to his father. Prosecutrix further testified that the defendant has paid, and she saw him pay, the taxes, coal bill and interest on the mortgage on the property after he had conveyed same to his brother-in-law.

The prosecutrix further testified that at or about the same time, the defendant, together with his father, mother and herself, incorporated a corporation known as the "Heck Brownbeck Corporation" which is engaged in the commission business, and that as soon as this company was incorporated, the defendant sold all of his property to the corporation, and after the period of four months time went into bankruptcy, without assets, and was adjudicated a voluntary bankrupt; at the time the corporation was formed, the prosecutrix was made secretary and treasurer of the corporation and signed all checks up to and until the

trouble arose between the prosecutrix and defendant; she testified that the father and mother were without any means whatsoever; she further testified that she had handled the cash books of the corporation and she knew the corporation did a gross business of between $75,000 and $100,000 a year but had no definite knowledge of the net income.

The defendant testified, at the time of the hearing before the court, that the corporation was composed of his mother, who owned four shares of stock and was president; and his father, who was secretary and treasurer, and who owned four shares of stock, and the defendant, who was vice-president and owned one share of stock. The defendant testified that he was unable to work due to physical injuries and only received $10 per week for his pay; he denied that he had any interest in the house which had been conveyed to his brother-in-law, Paul Castner, subject to the $13,000 mortgage and that the liens against the property referred to amounted to $13,500, which was more than the value of the property; he further testified that during the past year the corporation did a gross business of approximately $16,000 and that its balance sheet showed a loss of $13.40 for the year; that the corporation paid nothing to the officers, and no dividends had been declared or paid on the stock; that he, the defendant, acted as manager for the corporation and received for his services an average of about $10 per week; that because of physical ailments, described by Dr. H. Forsythe Stopp of Pottstown, as neurocirculatory condition and glandular enlargement, defendant was unable to perform any kind of manual labor; defendant further testified that his brother-in-law, Paul Castner, operates the corporation truck and collects the eggs, fowl, etc. and delivers same, and that he is paid $105 per month and traveling expenses. The defendant produced no books or

records of the corporation showing its earnings. The prosecutrix further testified that she was without means and was living with her aunt. There were no children by the marriage.

The foregoing is an abstract from the agreed statement of the testimony upon which the order of the court was made. Appellant claims that after the conclusion of the hearing, he offered to produce the books of the company.

The case was heard before HAUSE, J., who had the advantage of having the witnesses personally before him and was therefore the best judge of their credibility. In view of the character of the testimony showing the sale, by defendant, of all of his property to the corporation, the conveyance of his real estate to his brother-in-law, the control of the corporation by members of his family, and the proceedings in bankruptcy instituted by defendant, together with the conflicting evidence as to the amount of business done by the corporation, we cannot say that the lower court abused its discretion in making the order for the payment of $10 per week, although the testimony was not as specific as is desirable in cases of this kind. An order of the court in a case of this kind, where there is evidence to support it, will not be disturbed unless there is an abuse of discretion, which is not present in this case: Commonwealth ex rel. v. Betts, 76 Pa. Superior Ct. 96; Commonwealth ex rel. v. Suess, 100 Pa. Superior Ct. 437; Commonwealth ex rel. v. Mc-Clelland, 109 Pa. Superior Ct. 211, 167 A. 367.

The assignment of error is overruled and order affirmed.