Commonwealth *v.* Spadine, Appellant.

Argued December 15, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Davis R. Hobbs,* with him *Robert E. Farr,* for appellant.

*R. W. Trembath,* with him *Joseph F. Ogden,* District Attorney, for appellee.

OPINION BY STADTFELD, J., January 27, 1938:
This is an appeal by defendant, Louis Spadine, from an order of the Court of Quarter Sessions of Wyoming County for the support of his wife and infant child,

three months old, directing the payment of $32 per month.

According to the testimony, Lulu Spadine, the prosecutrix, and Louis Spadine, the defendant, were married in January, 1937. The prosecutrix was then sixteen years of age. After marriage, the parties lived in defendant's home where defendant's mother, father and hired man also lived. Except for a bedroom, no separate quarters or rooms were provided by defendant for himself and wife. According to the testimony there were no carpets on the floor and no bedding other than bags of straw. During the time she lived there, she was pregnant. Defendant failed to protect his wife from the taunts and epithets of the hired man who lived in the house and refused to discharge him. The prosecutrix in protest twice withdrew and twice came back in an attempt to correct living conditions, and, after five weeks, withdrew from defendant's home but did not give up attempt at reconciliation until after the birth of the child when prosecutrix went to defendant's home and defendant refused to speak to her or to take or look at the child.

Defendant is a farmer by occupation and operates a dairy. The wife testified that the defendant had an income of $280 to $600 per month. She had no knowledge as to the expenses of operating the business. It may therefore be assumed that her testimony related to the gross income of her husband. The defendant testified that his highest gross income per month was $400 or $4,800 per year, and his operating expenses $4,160, leaving a net income of $640 per year.

The court below which saw and heard the parties and was therefore best able to judge of their credibility, after hearing the testimony, ordered the defendant to pay the sum of $32 per month.

As stated by Judge TREXLER in *Commonwealth ex rel. v. Betts,* 76 Pa. Superior Ct. 96: "...... the law has

placed on the lower court the duty of deciding what sum is 'reasonable and proper' for the comfortable support and maintenance of a wife and child, and to determine whether defendant is of sufficient ability to pay such sum. Unless there is a clear abuse of discretion, it is not for us to substitute our judgment for his." Consideration of the entire record under the Act of April 18, 1919, P. L. 72, does not require us to reverse a conclusion that has evidence to sustain it: *Commonwealth ex rel. v. May*, 77 Pa. Superior Ct. 40; see also *Commonwealth v. Heck*, 113 Pa. Superior Ct. 595, 173 A. 449. After an examination of the entire record, we cannot say that there was such an abuse of discretion as would warrant a reversal of the order.

Order affirmed.