Com. ex rel. Elgart, *v.* Elgart, Appellant.

Argued October 13, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and RHODES, JJ.

*Samuel J. Halpren,* with him *Peter P. Zion,* for appellant.

*Benjamin Sork,* of *Blumberg & Sork,* for appellee.

Opinion by Baldrige, J., November 15, 1939:

This is an appeal from an order made by Bonnelly, J., of the municipal court, Philadelphia County, for the support of a wife and child, 3 years of age, directing the payment of $10 a week.

The appellant had owned a delicatessen shop but more recently had been engaged in retailing and wholesaling fish cakes, deviled crabs, clams, etc. Prior to the date appellant left his family, to wit, September 2, 1938, he had been giving his wife $20 per week and, in addition, paid the rent, gas, electricity, and other bills incidental to keeping up the home. At the time he left he stated he would give her $10 a week and provide for the maintenance of the son.

The appellant alleges that, although he was selling his products to the A. & P. stores, the Baltimore Market, Reading Terminal, and had a concession in Snellenburg's, his business fell off and he was unable to pay his creditors. His property was sold at sheriff's sale on November 15, 1938, on a judgment of $136. Apparently, that same day, at least very shortly thereafter, the appellant's younger brother, 22 years of age, acquired from the purchasers the fixtures and goods sold at the sheriff's sale, and set up business of the same nature as conducted by the appellant and at the same locations, to wit, 111 North Water Street and 2327 North Front Street, Philadelphia, trading under the fictitious names of "Home Style Foods" and "Green Valley," respectively. The latter name was formerly used by the appellant. The retail store on North Front Street was subsequently closed as the younger brother confined himself to a wholesale business on North Water Street. The appellant offered testimony that he was employed by his brother at $15 a week as his assistant and salesman. The alleged owner of the business had previously helped his elder brother during the summer and over week-ends and later, after he was out

of school, he worked for an automobile accessory firm. This young man evidently had very little experience in the conduct of the business the appellant was engaged in for years.

The testimony discloses that the appellant formerly not only did business under fictitious corporate names, but also kept bank accounts in his wife's and his father's names, and owned an automobile which was registered in his father's name.

We are of the opinion from the proof offered that the trial judge was justified in stating that he did not believe the testimony that appellant is working for a salary of only $15 a week, and in concluding that, in any event, he has a potential ability to earn much more than that sum. The judge, in passing upon the facts, was not bound to accept as true the statements of the appellant, but could make his own deduction from the evidence and attending circumstances. We are not at all convinced that the sheriff's sale and the subsequent purchase of the goods by a young man, more or less inexperienced, were bona fide transactions, or that the appellant's earning power is but $15 per week.

It has been held many times that it is the duty of the lower court to decide what is a reasonable and proper sum for the maintenance of a wife and a child or children, and to determine the sufficiency of a defendant's ability to pay such sum. We do not interfere unless we are convinced there has been a clear abuse of discretion (*Commonwealth v. Spadine*, 130 Pa. Superior Ct. 77, 79, 196 A. 898), which is not apparent in this case. At the argument before this court, the appellant agreed that an order should be made, and suggested $7. We are of the opinion that the sum of $10, in view of the record before us, is not unreasonable.

Order of the learned court below is affirmed, appellant to pay the costs.