Commonwealth ex rel. Stout *v.* Stout, Appellant.

Argued October 21, 1940.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*William A. Gray,* for appellant.

*S. Regen Ginsburg,* for appellee.

OPINION BY STADTFELD, J., December 18, 1940:

This is an appeal from the order of the Domestic Relations Division of the Municipal Court of Philadelphia dismissing appellant's petition to decrease an order for support entered on behalf of his wife.

The original petition for support was filed on July 6, 1938 and an order of $15 per week was entered on August 18, 1938, by TUMOLILLO, J. On February 14, 1940, appellant filed a petition to decrease said order, which petition was dismissed after a hearing held before BLUETT, J., in an opinion filed on February 21, 1940.

Defendant became in arrears in the payments required under the order and an attachment was issued on November 9, 1939. Hearing on the same was continued from time to time by agreement of counsel until the hearing on February 16, 1940, on the petition to decrease.

Defendant testified that he lived with his mother at Moorestown, N. J., in a large house. He drives an automobile which belongs to his mother. There is a house in his mother's name, which had formerly belonged to him, at Cape May, N. J. He said that his mother helped him in paying the carrying charges on the car he was using and that he owes her plenty of money. Defendant's mother also owns a hunting lodge and 324 acres of ground in Adams County, which defendant occupies a few weeks during the year. Defendant's mother apparently owns considerable real estate, on which defendant collects the rents and apparently makes no charge to his mother for these services. For the winter months, the defendant and his mother have taken apartments in the Wellington Apartments, 19th and Walnut Streets, Philadelphia. Defend-

ant has two checking accounts in the Philadelphia National Bank, one an agency account and the other his own account, and it was shown that checks in payment of his wife's support were frequently drawn against the agency account in this bank. Defendant and his mother also have a joint safe deposit box in the Girard Trust Company. Defendant also testified to obtaining various loans from his mother during 1939, but he said that he owed his mother about $6,000. There was no testimony, however, that these monies were being repaid.

The wife is a very sickly woman, unable to work and acquire separate earnings, and for a time was a patient in the Germantown Hospital in the charity ward, and requires an operation. We quote from the opinion of Judge BLUETT, who heard the case in the court below: "From the manner in which it appears that the defendant lives with his mother in comfortable circumstances, I am of the opinion that he has not told all with regard to his earnings and his receipts from his mother's funds. According to the testimony, he is earning now about the same amount as he earned at the time of the order and for at least a year previous thereto. The defendant is still in the real estate business and apparently is a very competent man in this respect and capable of earning more money than he is, if he were to make any special effort to do so. I am of the opinion that he is making no effort whatever to increase his earnings from the real estate business, that would show as a net earning on his records, for the purpose of evading payment of the order for the support of his wife."

As stated by Judge TREXLER in *Commonwealth v. Knobloch*, 89 Pa. Superior Ct. 216, at p. 218: "In considering the 'sufficient ability' of the husband referred to in the Act of April 13, 1867, P. L. 78, Sec. 1, not only

the actual amount earned should be counted, but all the attendant circumstances must be considered."

As stated by Judge BALDRIGE in *Com. ex rel. Elgart v. Elgart,* 137 Pa Superior Ct. 418, 420, 9 A. 2d 202: "The judge, in passing upon the facts, was not bound to accept as true the statements of the appellant, but could make his own deduction from the evidence and attending circumstances ...... It has been held many times that it is the duty of the lower court to decide what is a reasonable and proper sum for the maintenance of a wife and child or children, and to determine the sufficiency of a defendant's ability to pay such sum. We do not interfere unless we are convinced that there has been a clear abuse of discretion (*Commonwealth v. Spadine,* 130 Pa. Superior Ct. 77, 79, 196 A. 898), which is not apparent in this case."

After a careful consideration of the entire record, we cannot say that there has been such an abuse of discretion by the lower court as to justify a reversal by this court.

The assignment of error is overruled and the order of the lower court affirmed.