## Commonwealth ex rel. Crandall *v*. Crandall, Appellant.

360

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*H. Eugene Gardner,* for appellant.

*Spencer R. Liverant,* for appellee.

OPINION BY RHODES, J., June 30, 1941:

This is an appeal by George E. Crandall from an order of the court below dismissing his petition to vacate a support order which directed that he pay his wife Helen Catherine Crandall $12.50 per week.

The original order was made on July 15, 1940. No appeal was taken from that order. On October 2, 1940, appellant filed his petition to vacate the support order, setting forth, as to change in circumstances occurring since the entry of the order, that he no longer had a net income from Dr. Crandall's Health School, a corporation. After hearing, the petition was dismissed. This appeal followed.

Orders in nonsupport cases are not regarded as final, in as much as they may be increased, reduced, or vacated where the financial condition of the parties changes, or where other proper reasons are shown. *Com. ex rel. Barnes v. Barnes,* 140 Pa. Superior Ct. 397, 399, 14 A. 2d 164. See, also, Act of June 19, 1939, P. L. 440, No. 250, §1, 17 PS §263.[1] But the burden rested upon appellant to show, by competent evidence, such changes in conditions or circumstances as would justify a vacation or modification of the original order of July 15, 1940. *Com. ex rel. Snyder v. Snyder,* 120 Pa. Superior Ct. 189, 192, 182 A. 62; *Com. ex rel. Ritter v. Ritter,* 91 Pa. Superior Ct. 563, 566. These changes must be permanent; temporary losses are insufficient. *Com. ex rel. Berardino v. Berardino,* 99 Pa. Superior Ct. 532, 534.

---

[1] "Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant."

The record of the second hearing does not disclose any valid basis for a revocation of the original order. According to appellant's testimony he is a physician (see *Commonwealth v. Crandall,* 145 Pa. Superior Ct. 353, 21 A. 2d 232), and is entitled to receive a salary of $2,000 annually from an institution known as Dr. Crandall's Health School, a closed corporation, plus expenses. The corporation owns considerable real estate. He states that since July 15, 1940, the date of the original order, he has not received any salary because the corporation is unable to pay it. Appellant is president, and owner of at least 51 per cent of the stock, of that institution. He refused to state how much of the remaining stock he controlled. He and his son are two of the three directors, the third being associated with him, and there has been no meeting of the stockholders for many years. Since 1927 he has been the sole signer of all corporate checks. Testimony was offered relating to the income of the corporation from patients, but appellant stated that he did not know the income of the corporation from stocks, bonds, or other security holdings. He refused to divulge what other assets the corporation owned, or what his individual investments were, although admitting some. He cannot be heard to say that a corporation so controlled cannot pay his salary when he makes no full disclosure of the facts. His averment that he has no income, standing by itself, amounts to nothing. *Com. ex rel. Berardino v. Berardino,* supra, p. 536. In *Com. v. Knobloch,* 89 Pa. Superior Ct. 216, at page 218, this court said: "We can easily imagine that a man of large means could so adjust his finances ...... and so regulate his investments that a very small net income might result." Appellant avoided disclosing his income or earning capacity, and obviously this he cannot do for the purpose of evading payment of a support order. The court must be convinced of appellant's good faith *(Com. ex rel. Berardino v. Berardino,* supra, p. 534), an ele-

ment lacking in this case. By his attitude he gave the impression that he was concealing the facts; there was an entire absence of candor.

The testimony in relation to the disbursements of the corporation since the original order failed to show with certainty what expenses of appellant were treated as personal, and debited against his salary, and what expenses were corporate. It paid, however, as corporate expenses, his lodge dues, room and board, payments on the original order of support heretofore made to his wife, and his attorney's fees.

In considering the sufficient ability of the husband to pay, not only the actual amount shown to have been received, but also the attendant circumstances, must be considered. *Com. ex rel. Liuzzi v. Liuzzi,* 142 Pa. Superior Ct. 239, 241, 15 A. 2d 738; *Com. ex rel. Stout v. Stout,* 142 Pa. Superior Ct. 449, 451, 16 A. 2d 723. The court below, in passing upon the facts, was not compelled to accept as verity the statements of appellant, but could make its own deductions from the evidence and accompanying circumstances. *Com. ex rel. Elgart v. Elgart,* 137 Pa. Superior Ct. 418, 420, 9 A. 2d 202; *Com. v. Gensemer,* 122 Pa. Superior Ct. 456, 458, 185 A. 867.

As in the present case, the fiction of a corporation will not be permitted to hide the individual behind it, and prejudice the rights of an innocent party. See *Kulka v. Nemirovsky et al.,* 321 Pa. 234, 237, 182 A. 692.

Complaint is also made by appellant that his wife refuses to live at the institution with him where he can secure maintenance for her. He took no appeal from the original order, and it must therefore be assumed that the wife was entitled to support, and that it was the duty of appellant to provide it. *Com. v. Gensemer,* supra, p. 457; *Com. ex rel. Isaacs v. Isaacs,* 124 Pa. Superior Ct. 450, 454, 188 A. 551. Further, appellant's statements that there is provision for her at the insti-

tution if she should see fit to come back, and that he is not doing anything to keep her away, are unsatisfactory. If anything, it shows that appellant is capable of supporting his wife. Cf. *Com. v. Shankel,* 144 Pa. Superior Ct. 476, 19 A. 2d 493.

In a case of this nature we do not interfere with the determination of the court below unless there is a clear abuse of discretion. *Com. ex rel. v. Betts,* 76 Pa. Superior Ct. 96, 98; *Com. v. Spadine,* 130 Pa. Superior Ct. 77, 79, 196 A. 898; *Com. ex rel. Elgart v. Elgart,* supra, p. 420. In the dismissal of appellant's petition to vacate the order of July 15, 1940, we find none.

The order is affirmed.