Commonwealth ex rel. Schoenfeldt *v.* Schoenfeldt, Appellant.

Argued March 4, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

456

*George Morrow,* for appellant.

*Otto P. Robinson,* with him *James F. Brady,* District Attorney, for appellee.

OPINION BY STADTFELD, J., July 23, 1942:

This is an appeal by defendant from an order modifying an order of support for his wife and minor daughter.

Reinhardt K. Schoenfeldt, the appellant, was arrested on a warrant issued at the instance of his wife, Elizabeth R. Schoenfeldt, on November 2, 1939, and by an order made by HOBAN, J., he was directed to pay the sum of $75 per month and to enter his own recognizance in the sum of $500 conditioned for appearance. Defendant did not meet these payments and in December, 1940, a capias was issued and he was placed in jail for non-compliance. Three or four weeks thereafter he was released upon his promise to pay $100. A petition was then filed to reduce the amount of the order, and on February 28, 1941, after hearing the parties, Judge SWOYER fixed the amount of the order at $60 per month. An exception was then filed to the order and an appeal taken to this court April 18, 1941. On April 26, 1941, another capias was issued and later on September 16, 1941, still another capias was issued and defendant was placed in jail for non-compliance where he remained until October 27, 1941, when Judge SWOYER made an order releasing him.

No appeal was taken from the original order direct-

ing the payment of $75 per month. It appears that no testimony was taken at the time of the original hearing to determine what the husband's income was.

The petition for revocation or modification of this order avers that for sometime past his income has been diminishing and that he is unable to meet his necessary expenses and pay any amount to his wife and daughter who live separate and apart from him; that he is now in arrears in the sum of $262.50.

The defendant is a funeral director and an embalmer. At the time of the hearing Mrs. Schoenfeldt was forty-eight years old and her daughter nineteen. She was employed as a saleslady in one of the stores at $15 per week and her daughter was employed at the rate of 30 cents an hour.

At the hearing defendant produced a new set of books opened after the original hearing. These books are not printed in the record. The defendant claimed that he lost $1800 in the operation of his business during 1939, but his own testimony is so confusing and unreliable, and the method in which his books were kept likewise so inaccurate that neither was of much probative value to the court below or to this court in arriving at a conclusion.

Under the Act of June 24, 1939, P. L. 872 (18 PS §4733), in determining the "sufficient ability" of the husband to pay for the support of his wife all the attending circumstances must be considered.

As stated by this court in *Com. ex rel. Elgart v. Elgart,* 137 Pa. Superior Ct. 418, 420, 9 A. 2d 202: "The judge, in passing upon the facts, was not bound to accept as true the statements of the appellant, but could make his own deduction from the evidence and attending circumstances ...... It has been held many times that it is the duty of the lower court to decide what is a reasonable and proper sum for the maintenance of a wife and child or children, and to determine

458

the sufficiency of a defendant's ability to pay such sum. We do not interfere unless we are convinced that there has been a clear abuse of discretion (*Commonwealth v. Spadine,* 130 Pa. Superior Ct. 77, 79, 196 A. 898), which is not apparent in this case." *Com. ex rel. Stout v. Stout,* 142 Pa. Superior Ct. 449, 16 A. 2d 723..

After a careful consideration of the entire record we cannot say that there has been such an abuse of discretion by the lower court as to justify a reversal by this court.

The assignment of error is overruled and the order of the lower court affirmed.