## Commonwealth ex rel. Barnes *v.* Barnes, Appellant.

Argued November 12, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Charles S. Thompson,* with him *George W. Cupps, Jr.,* for appellant.

*Samuel Kagle,* for appellee.

OPINION BY RHODES, J., January 28, 1943:

Appellant was likewise the appellant in *Com. ex rel. Barnes v. Barnes,* 140 Pa. Superior Ct. 397, 14 A. 2d 164, wherein we modified the support order which he had been directed to pay to his wife to $15 per week. Appellant thereafter presented to the Municipal Court of Philadelphia County a petition to vacate or reduce that order because of a change in his circumstances. After hearing, the petition was dismissed.

Orders of support are not final inasmuch as they may be increased, reduced, or vacated where the financial condition of the parties changes, or where other proper reasons are assigned, but the burden rested upon appellant to show by competent evidence such permanent changes in conditions or circumstances as would justify a vacation or modification of the existing order. *Com. ex rel. Ritter v. Ritter,* 91 Pa. Superior Ct. 563, 566; *Com. ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 361, 21 A. 2d 236; Act of June 19, 1939, P. L. 440, No. 250, §1, 17 PS §263. He failed to meet this burden.

In addition to appellant's own testimony he introduced in evidence a detailed statement, with the amounts as corrected at the last hearing on March 27, 1942, for the purpose of showing an adverse financial condition after the date of the last order of support.

It covered the period from September 1, 1940, to August 31, 1941, and disclosed a net income of $1,153.72. However, he charged therein as an expense every conceivable item thereby reducing the amount of his net income from his investments and insurance business.[1] See *Com. ex rel. Berardino v. Berardino*, 99 Pa. Superior Ct. 532, 536. For example, items of expense included therein which are clearly not allowable for the purpose of determining the extent of his ability to pay a support order are: (1) $300 for office rent, which appellant never paid; (2) $1,097.60, according to appellant's computation, for the purchase of a new automobile, and the cost of operation and maintenance of both his old and new cars during the above accounting period; (3) $325 (at least) for legal services in the course of this proceeding. The right of appellant's wife to support from him has been adjudicated, and there could be no justification to charge as expenses against his income, attorney fees and legal expenses incurred in his effort to vacate or reduce the amount of the support order. Included in the item of automobile expense is the sum of $602.90 which represents the cash outlay for a new car, the trade in value of an old car, and the transfer charges. The expenses charged off for his automobile greatly exceeded the gross income from his insurance business ($744.71) and the net income therefrom ($332.69). Appellant admitted, and it is obvious from the testimony, that it was not a necessity. It was a personal expense. *Com. ex rel. Betz et al. v. Betz*, 127 Pa. Superior Ct. 98, 103, 193 A. 338. There are many other items included in appellant's expenses which are not properly deductible. There is, for instance, the sum of $137 paid in dues to various clubs and organizations. It would serve no purpose to refer to other items specific-

---

[1] Gross income from all sources was at least $3,626.

ally, but the comment in *Com. ex rel. Betz et al. v. Betz,* supra, 127 Pa. Superior Ct. 98, at page 102, 193 A. 338, at page 340, is pertinent: "A man's first duty is to his wife and family. Necessary expenses in one's business must, of course, be first paid before there is any net income for the family support; but expenditures, merely for his own convenience rather than of necessity, cannot be deducted in such an amount as to deprive his wife ...... of reasonably adequate support. Some of the items deducted as expenses were clearly allowable in any event; others were allowable if defendant could afford them after making due provision for his family; others should not have been considered at all ......"

Appellant owns a home in Philadelphia, where he lives, assessed at $12,000, and a summer home in New Jersey assessed at $3,000. Both are unincumbered, and he admits that he has made no effort to dispose of either, but he has charged against his income all expenses in connection with both. By his own appraisal his assets are valued at more than $50,000, and include stocks, bonds, real estate, mortgages, and ground rents. His appraisal does not include his bank deposits, or a trust estate with an admitted value of $7,400, which produces for him an annual net income of about $365. In March, 1940, prior to the present accounting period, he received an executor's commission of $940 from this estate. In considering a husband's sufficient ability to pay, not only the actual amount shown to have been received, but also the attendant circumstances, must be considered. *Com. v. Knobloch,* 89 Pa. Superior Ct. 216, 218; *Com. ex rel. Binney v. Binney,* 146 Pa. Superior Ct. 374, 378, 22 A. 2d 598, 600; *Com. ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 507, 27 A. 2d 535. Good faith in the application for reduction and a permanent change in circumstances are necessary to warrant a reduction of a support order.

*Com. ex rel. Berardino v. Berardino,* supra, p. 534. We are of the same opinion as the court below that these elements are totally lacking in the present case.

The purpose of a support order is to secure an allowance for the wife which is reasonable and proper for her comfortable support and maintenance, having in view the property, income, and earning capacity of the husband and their condition in life. *Com. ex rel. Simmler v. Simmler,* 134 Pa. Superior Ct. 339, 343, 4 A. 2d 215; *Com. ex rel. Fort v. Fort,* 124 Pa. Superior Ct. 151, 152, 188 A. 416. And while a wife's separate estate is one of the circumstances to be considered in fixing the amount of a support order *(Com. ex rel. Martocello v. Martocello,* 148 Pa. Superior Ct. 40, 46, 24 A. 2d 712), the income which appellant's wife receives from her separate estate is now less than when the present order of $15 per week was entered.

Matters of this kind are largely within the discretion of the court below *(Com. ex rel. Snyder v. Snyder,* 120 Pa. Superior Ct. 189, 192, 182 A. 62), and we do not interfere unless an abuse of discretion appears *(Com. ex rel. Schoenfeldt v. Schoenfeldt,* 149 Pa. Superior Ct. 455, 458, 27 A. 2d 472). It is obvious that we will not interfere in the present case, as appellant has not shown that his financial condition had been adversely affected, or that there has been such a change in his circumstances as to require modification of the order of support. Moreover, we find nothing to indicate that his financial position is worse than it was when that order was made on the basis of an annual income of at least $2,300, after giving consideration to his contentions as to capital returns and nonrecurring items of income. But appellant does disclose a determination not to provide support for his wife, rather than a lack of ability to do so.

The order of the court below dismissing petition is affirmed.