## Commonwealth ex rel. Diodati *v.* Diodati, Appellant.

Argued April 11, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Clyde P. Bailey,* with him *Dane Critchfield, James B. Ceris* and *Bailey & Critchfield,* for appellant.

*Samuel Goldstock,* for appellee.

PER CURIAM, June 15, 1946:

Respondent deserted his wife and eight-year-old child in January 1944. The wife is in ill health and is in need of medical care. The court in this proceeding ordered him to pay $30 per week for her support and maintenance of the child. He admits liability but contends that the amount of the order is beyond his ability to pay. He is a photographer and owns and operates a portrait studio, an established business conducted under the name of Ronaldo Studio. Relatrix had worked with him until the separation and testified that for the prior six months his gross daily receipts were between $60 and $125. She did not have the means of determining what he actually earned. He maintained that his gross monthly income was about $700 and that his net earnings were not more than $175 per month. After the separation, respondent had paid his wife $20 per week and in addition assumed payment of the rent of a house for her; he also supplied coal and paid gas and electric light bills. He gradually reduced these payments to $20 per month, which prompted this proceeding. The amount of the order is less than the liability which respondent voluntarily assumed following his desertion of his wife and child. At the hearing he did not produce any books of account or other evidence supporting his testimony as to his earnings. In passing on the facts, the hearing judge was not obliged to accept respondent's testimony as to his income, *Com. ex rel. Elgart v. Elgart,* 137 Pa. Superior Ct. 418, 9 A. 2d 202; the opinion filed in this case indicates that the trial judge did not believe his statement that his business had fallen off since the war, because of increased competition. It was for the lower court to find the facts; we find no abuse of discretion

which would justify a modification of the order on the record in this case.

Order affirmed.