Commonwealth ex rel. Weible, Appellant, *v.* Weible.

Argued April 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Clyde P. Bailey,* with him *Dane Critchfield* and *Bailey & Critchfield,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY HIRT, J., July 19, 1946:

In this appeal relatrix complains that the order of $25 per month, entered against the respondent for her support, is unreasonably inadequate.

The wife is 48 years of age; the respondent is 62. She has a family of five grown children by a former marriage. The amount of the order is less than one-third of defendant's gross earnings of $34 per week, and he has additional income from savings invested in government bonds. But under all of the circumstances we are unable to say that there is an abuse of discretion *(Schoenfeldt v. Schoenfeldt,* 149 Pa. Superior Ct. 455, 27 A. 2d 472) in the refusal of the court to require him to pay more. Following their marriage in 1944—a first venture for the respondent—they lived together but a few days when relatrix left her husband with ill health as an excuse. Another reason was her dissatisfaction with the living quarters provided by respondent, for which he was obliged to pay rent until the expiration of an existing lease. The real and compelling reason, perhaps, was an early realization by both parties that their marriage was a mistake. Since the separation, neither has wanted to live with the other. Respondent is in ill health with the prospect of reduced earning capacity in the near future. Relatrix worked as a waitress before this marriage and at the time of the hearing had weekly earnings of $25 per week. The fact that a wife has separate earnings does not deprive her of the right of support, but, in the light of all the circumstances, we cannot say that the amount of the order is not reasonable and proper. A court is not bound in every case to order a husband to pay one-third of his net income for the support of his wife. It may not order him to pay more,

but may award her less. The court has a wide discretion and unless the amount awarded is, on the one hand more than the law allows, or on the other, grossly inadequate under all the circumstances, we will not interfere. *Com. ex rel. Suess v. Suess,* 100 Pa. Superior Ct. 437.

Order affirmed.