## Commonwealth ex rel. Horner, Appellant, v. Horner.

Argued November 13, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*John C. Dillon, Jr.,* with him *Lee C. McCandless,* for appellant.

*Carmen V. Marinaro,* for appellee.

OPINION BY GUNTHER, J., January 12, 1951:

In this appeal relatrix complains that the order of $135.00 per month entered against the respondent for the support of relatrix and their two children is unreasonably inadequate.

The parties were married in April, 1935, and separated in May, 1946. Two children were born of the marriage, Merle, 11 years of age, and Carol, 7 years of age. Relatrix and the two children, since the separation, have been living with her father and sister in Frostburg, Maryland. Appellee husband is a doctor engaged in general practice in Petrolia, Butler County, Pennsylvania. It is conceded that the husband has given $125.00 a month for the support of relatrix and their two minor children, but subsequently these proceedings were instituted for the reason that relatrix considered that sum inadequate in light of appellee's income and earning capacity. Appellee contends that he is paying all that he can afford to pay at the present time. After hearing, the court below entered an order in the sum of $135.00 per month.

Relatrix has no estate or independent income of her own, and she and the children have been living with her sister and father, both of whom have been assisting relatrix in supporting herself and the two children. One of the compelling factors which requires that the order

of the court below be set aside is the financial needs of the older child. This child is mentally retarded and has been receiving special schooling and speech lessons together with frequent medical care, obviously burdening relatrix with additional expenses. The parties disagree as to the course of treatment to be pursued. We have no intention of entering that field of dispute, but pointedly note that appellee testified that if relatrix would agree to have the child cared for in an institution, appellee would see that $450.00 per month was provided for such care.

Appellee testified that his gross income from his practice for 1949 was approximately $22,000.00, but that his net earnings were about $6,500.00. He also testified that he owed considerable sums to his brother and sister (approximately $14,000.00), and that in the last two or three years has reduced these debts by payments on account of principal to $9,000.00. The evidence in regard to why appellee's gross income of $22,-000.00 is reduced to a net income of $6,500.00 is most unconvincing. No doubt reduction of these debts account, in part, for the difference between gross and net income. A husband may not be permitted to insist that his wife and children be denied proper and reasonable support while creditors receive a large portion of his income. If the parties were living together, appellee would be supporting his family adequately. The fact of separation does not give him a license to reduce his debts while his family is struggling to maintain themselves. The support of a wife and children as a positive obligation in law is not to be brushed aside while the husband makes large and substantial debt-reducing payments, laudable as it may be. Disregarding the weakness in appellee's testimony concerning the difference between his gross and net incomes, and accepting as true his testimony that his net income is $6,500.00, it is, nevertheless, obvious that the

$1,620.00 a year awarded by the court below for the support of the wife and two children is grossly inadequate, and the court abused its discretion. Some mention is made by appellee that he has paid $100.00 a month on two insurance policies taken out on his life, in which his two children are named as beneficiaries. That is a notable consideration, but certainly has little value when dealing with the day to day problems of support. All that the children have under such policies are inchoate future expectancies. These payments are of little aid in our present consideration in determining an adequate amount for the present support of his family.

The purpose of a support proceeding is to secure an allowance which "is reasonable and proper for the comfortable support and maintenance" of the wife and children, having in view the property, income and the earning capacity of the husband. *Commonwealth v. Bicking,* 163 Pa. Superior Ct. 454, 62 A. 2d 118; *Commonwealth ex rel. Fort v. Fort,* 124 Pa. Superior Ct. 151, 188 A. 416; *Commonwealth ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 30 A. 2d 437. It is true that in a case of this nature we ordinarily do not interfere with the determination of the court below unless there is a clear abuse of discretion. *Commonwealth ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 21 A. 2d 236. However, where we conclude that in light of the testimony of the earnings, income and earning capacity of the appellee husband such an abuse of discretion by the court below clearly appears, it is our duty to enter an order consonant with the evidence.

Order reversed and the record remitted to the court below with directions to enter an order in accordance with this opinion.