Commonwealth ex rel. Gudknecht, Appellant, *v.* Gudknecht.

Argued March 22, 1954. Before HIRT, ROSS, GUN-THER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*William L. O'Hey, Jr.,* with him *Edward A. Collins, Jr.,* for appellant.

*W. Jos. Harrison, 3rd,* with him *W. Jos. Harrison, Jr.,* for appellee.

OPINION BY ERVIN, J., July 13, 1954:

This is an appeal by Florence Gudknecht from an order of the court below dismissing her petition for an increase of a support order for a minor child.

In October, 1948, subsequent to a decree in divorce, the lower court ordered the appellee to pay $15.00 per week for the support of their minor child, Craig, then aged six. At the time appellee's take-home pay was $55.00 per week. On October 20, 1953 appellant filed her petition for an increase. At the time of the hear-

ing, appellee's take-home pay was $71.82 per week plus an annual bonus of $1,800.00 (before deductions) which had been paid to him on July 1 of each of the two previous years. Appellee testified that because of economic changes in the automobile business, it is doubtful whether he will receive any bonus in July 1954.

In 1948, when the parties agreed to the court order, the appellee was employed at the Philadelphia Navy Yard, from which employment he was separated in September, 1949. From then until February, 1951, he was in business for himself, which business failed and he lost over $5,750.00 in the venture. On March 2, 1951, he began to work for the Bristol Ford Motor Company, Bristol, Bucks County, Pennsylvania, where he is still employed as a service manager. He testified that the bonus for the two previous years had been used to help pay off his indebtedness. The appellee, who is now thirty-nine years old, remarried in October, 1948. His present wife is thirty-three years old and at present she works. No children have been born of this marriage. They are living together, paying rent of $70.00 per month and spending about $17.50 a week for food. By reason of his employment and his residence in Philadelphia he needs transportation to and from work and for this he has the use of an automobile furnished by his employer, which he operates at a cost of about $5.00 a week, exclusive of insurance, which amounts to approximately $2.25 a week. His other expenses of living, including $15.00 a week for his son's support order, he contends bring his average weekly expenditures to more than his weekly take-home pay, which difference is met by his present wife from her earnings.

The appellee has his son with him at least every other week-end, when he feeds him, entertains him and buys him toys. He also testified that he furnished some

of the boy's clothing, paid the cost of the summer camp, furnished a used TV set and pays some, if not all, of the medical and dental bills.

The mother is employed and still unmarried. She testified that to support the child she spends approximately $1,600.00 a year, made up of food, $10.00 a week (one-half the food bill for herself and child) ; rent, $30.00 a month (one-half the rental of the apartment he occupies with her) ; annual dental care, $75.00 ; medical care, $25.00 ; miscellaneous items (recreation, etc.), $200.00 ; insurance, $20.00 ; church donations, $10.00 ; summer camp for eight weeks, $90.00 ; clothing and shoes, $300.00 per year.

The lower court felt that some of these items were exaggerated and could well be reduced and brought to an actual and proper minimum consonant with the status of the parties and the good health and welfare of the child.

Neither party had any source of income other than present wages.

Unless there has been a clear abuse of discretion it is not for us to substitute our judgment for that of the lower court.[1]

After an examination of the entire record, we cannot say that there was such an abuse of discretion as would warrant a reversal of the order.

The burden rested upon appellant to show such changes in conditions or circumstances as would justify an increase in the original order. *Com. ex rel. Crandall v. Crandall*, 145 Pa. Superior Ct. 359, 361, 21 A. 2d 236. These changes must be permanent; temporary changes

---

[1] *Com. ex rel. v. Betts*, 76 Pa. Superior Ct. 96, 97, 98; *Com. v. Spadine*, 130 Pa. Superior Ct. 77, 79, 196 A. 898; *Com. ex rel. Crandall v. Crandall*, 145 Pa. Superior Ct. 359, 364, 21 A. 2d 236; *Com. ex rel. Horner v. Horner*, 168 Pa. Superior Ct. 411, 414, 77 A. 2d 641.

are insufficient. *Com. ex rel. Berardino v. Berardino,* 99 Pa. Superior Ct. 532, 534.

The bonus received for the two prior years has been used by appellee to pay his debts. As we understand it, these debts have now been fully liquidated. Should a substantial bonus be received this year, the lower court might very well, upon proof of such fact, consider this to be such a substantial change in conditions as to warrant some increase in the order.

The order is affirmed at the cost of the appellant.

