Commonwealth ex rel. Lazarou *v.* Lazarou, Appellant.

Argued November 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*David Freeman,* with him *Harry A. Rutenberg,* for appellant.

*Anna Frank Dawson,* for appellee.

OPINION BY ROSS, J., January 17, 1956:

This an appeal by Louis Lazarou from a support order entered in favor of his wife under the provisions of section 733 of the Act of June 24, 1939, P.L. 872, 18 P.S. 4733.

The parties were married in September 1952 while Louis was in medical school and his wife, Rita, was but

one month short of graduating from college. After her graduation, the wife obtained employment as a teacher in the Philadelphia school system and is earning about $2800. a year gross salary. From that time until the separation, she supported herself and her husband while he continued his schooling. Louis earned nothing while going to school and contributed nothing toward the maintenance expenses. The parties separated in February 1955 and have since lived apart. At the hearing held on June 8, 1955, it developed that Louis was graduating in four days and that he was then leaving to serve his internship at a California hospital where he would earn $75. a month plus room and board. After the hearing, the lower court entered an order of $100. a month and this appeal followed.

Appellant contends that (1) under the circumstances there has been no failure or neglect to support appellee, therefore, *no* order should have been entered, and (2) if there is basis in fact and law for *some* order, the present one is excessive. Initial proceedings for the support of a wife are essentially two-fold in nature: to establish in the first instance the obligation to provide support, and in the second instance, the amount which is reasonable and proper for her comfortable support and maintenance. Subsequent proceedings are generally only concerned with changes in the amount by reason of changed circumstances. See *Com. ex rel. Skulsky v. Skulsky*, 168 Pa. Superior Ct. 635, 82 A. 2d 312.

The obligation of appellant has more than adequately been settled here. The Act provides: "If any husband . . . being within the limits of this Commonwealth separates himself from his wife . . . without reasonable cause, or neglects to maintain his wife . . ." the court may order him, ". . . being of sufficient ability, to pay such sum as said court shall think reasonable and

proper. . ." Appellant never contributed to the support of his wife; he separated himself from her within the limits of Pennsylvania; he attempted at the hearing but failed to show that he left with reasonable cause. Nothing was produced indicating any conduct on the part of his wife which would entitle him to a divorce and consequently relieve him of the duty to support. *Com. ex rel. Udis v. Udis,* 174 Pa. Superior Ct. 624, 101, A. 2d 144. Whether the separation was consensual or not is immaterial. *Com. v. Sincavage,* 153 Pa. Superior Ct. 457, 34 A. 2d 266. The record amply supports the lower court's finding that appellant left without reasonable cause. Appellant also contends that his limited income and that his wife's earnings are a complete bar to his obligation to support. There is no duty upon a married woman to reduce the liability of her husband for support by obtaining employment (*Com. ex rel. Milne v. Milne,* 150 Pa. Superior Ct. 606, 609, 29 A. 2d 228) nor does the fact that she has some earnings deprive her of her right to support from her husband, *Com. ex rel. Davidoff v. Davidoff,* 178 Pa. Superior Ct. 549, 552, 115 A. 2d 892, 894. Where she is employed and has a separate income, then of course her earnings should be considered in fixing the amount which is reasonable to maintain her. *Com. ex rel. Martocello v. Martocello,* 148 Pa. Superior Ct. 40, 46, 24 A. 2d 712. But it does not follow as appellant contends that her separate earnings will completely relieve him of that which is his primary duty. Under the circumstances here presented there was no error in finding that the appellant has a legal obligation to support his wife. However, we believe that the order must be modified.

The lower court quite agrees that the order is excessive if based upon appellant's earnings as an intern, but concluded that he had a far greater earning capacity than that of an intern, stating that "a graduate of

a medical school has ample opportunity to earn more than seventy-five ($75.) per month. Among such opportunities are pharmaceutical manufacturing companies which to our own knowledge are happy to pay non-graduates of a medical school well over One Hundred Dollars ($100.) per week." Appellee cites in support of this reasoning *Com. ex rel. Wieczorkowski v. Wieczorkowski*, 155 Pa. Superior Ct. 517, 38 A. 2d 347. There the husband was a pharmacist who was working in his mother's small drug store. His defense to the support action by his wife was that he earned nothing more than his room and board. This Court affirmed an order based upon his present earning *capacity* because: ". . . qualified as he is as a registered pharmacist, [he] could find employment elsewhere sufficiently remunerative to support himself and to comply with the moderate order from which he has appealed. In determining what a husband reasonably should pay for the support of his wife the court may consider the earning power of the husband and is not restricted to his actual earnings. . ." (pp. 518, 519). The distinction is obvious. In the present case the husband is a medical student who is in the process of obtaining his education. Rita married him while still in medical school, knowing his ambition and in fact consenting to it to the point of actually obtaining employment herself to run the household during the lean years. The appellant has no choice, if he is to become a doctor, than to serve an internship. He is only continuing in the process of gaining an education in the profession to which his wife consented when she married him. He certainly is not like the husband in the *Wieczorkowski* case. He is not a *qualified* physician who is working at a particular job which purportedly pays him meager wages while other jobs are in existence *in his* qualified field. Nor are there present the highly suspicious circumstances pointing to

a deliberate design to minimize the obligation to support his wife which are usually present in those cases where the court is moved to consider earning capacity rather than actual earnings. *Com. ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 27 A. 2d 535, *Com. ex rel. Saul v. Saul,* 175 Pa. Superior Ct. 540, 107 A. 2d 182. The bona fides of appellant's ambition to become a doctor is unquestioned.

Under the circumstances then, there would seem to be no justification for requiring appellant to give up his medical training just short of completion merely because of marital difficulties. Appellant's reasons for leaving his wife do not justify a prohibitive order. The support laws were meant to provide reasonable support for a wife, not to penalize an erring husband. *Com. ex rel. Bush v. Bush.* 170 Pa. Superior Ct. 382, 384, 86 A. 2d 62.

Even tho the appellant is going to California, the court below will retain jurisdiction, and it is well established that support orders may be increased where the financial conditions of the parties change. *Com. ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 21 A. 2d 236. When appellant has completed his training and becomes a qualified physician his financial situation of course will be greatly improved and this will enure to the benefit of his wife. Until that time, however, he has only limited resources and his wife must bear this hardship which she would have borne had they not separated. The fact of their parting cannot have the effect of accelerating his station in life and corresponding income from that of a medical student to that of a practicing physician. Under all the attendant circumstances here, we believe that the order should be reduced to the nominal amount of $15 a month, and the order of the court below is so modified.

Order as modified, is affirmed.