Commonwealth ex rel. Volinski *v.* Volinski,
Appellant.

Argued October 6, 1955. Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN,
JJ.

*Gordon W. Gerber,* with him *Barnes, Dechert, Price, Myers & Rhoads,* for appellant.

*Harold Diamond,* with him *Diamond & Schmidt,* for appellee.

OPINION BY ROSS, J., January 17, 1956:

This is a support proceeding brought by appellant's wife under Section 733 of the Act of June 24, 1939, P. L. 872, 18 P.S. 4733. No children are involved. An order of $15 a week was entered and this appeal by the husband followed.

The sole issue involves the amount of the order, appellant contending that it is excessive under the circumstances. The hearing below consisted largely of the relation by counsel of certain agreed facts concerning earnings. The defendant is a medical doctor who is in the process of serving his residency. At the time of the hearing (June 17, 1955) he was at the Chestnut Hill Hospital earning $350. a month. Within two weeks, however, he was changing to the Germantown Hospital where he would receive a gross income of $150. (net $135.) a month. In addition, he would receive board, but it was uncertain whether he would be furnished with a room. His wife is working, earning $72. (net $60.) a week. There was no testimony concerning her needs, her only testimony being "Q. How much do you want, Mrs. Volinski? A. $15.00 a week.", whereupon the trial judge stated: "That sounds all right to me. That's just what I was thinking of. Tem-

porary order of $15.00 a week just for the wife, that's without prejudice."

The general applicable rules are well settled. The Act itself provides that the husband "being of sufficient ability" shall pay a sum which the court deems "reasonable and proper for the comfortable support and maintenance of the . . . wife . . ." Act of 1939, supra, 18 P.S. 4733. In determining the amount, the court may consider, inter alia, the husband's earnings, his earning power, and his property and assets. *Davidson v. Davidson*, 175 Pa. Superior Ct. 123, 128, 103 A. 2d 296. We might state however that there is here present only the factor of *actual* earnings. The court below felt that as a doctor the defendant has a greater earning capacity than $150. per month, but this ignores the fact of his residency which limits his present earning capacity until completed. Earning capacity is generally given more consideration where there has been some recent effort by the husband to cut his actual earnings under circumstances reasonably leading to the conclusion that he is trying to minimize his liability for support. See *Com. v. Williams*, 178 Pa. Superior Ct. 313, 316, 116 A. 2d 297, 298, *Com. ex rel. Saul v. Saul*, 175 Pa. Superior Ct. 540, 107 A. 2d 182. Such is not the case here.

It is equally settled in our law that the fact that a wife has income will not deprive her of the right to support (*Com. ex rel. Davidoff v. Davidoff*, 178 Pa. Superior Ct. 549, 552, 115 A. 2d 892, 894), although such income must be considered in determining the amount of the order. *Com. ex rel. Barnes v. Barnes*, 151 Pa. Superior Ct. 202, 206, 30 A. 2d 437. After considering all factors, the court must arrive at a figure which provides reasonable support for the wife, limited only in that it cannot exceed one-third of the husband's income (*Com. ex rel. Rankin v. Rankin*, 170 Pa. Supe-

rior Ct. 570, 87 A. 2d 799), nor can it be confiscatory or penal. *Com. ex rel. Bush v. Bush,* 170 Pa. Superior Ct. 382, 384, 86 A. 2d 62.

Appellee's station in life is that of the wife of a resident doctor, not of a practising physician. She too should bear the deprivations concomitant with this phase of her husband's training before reaping the full economic benefits of an adequately trained and recognized practitioner. Neither we nor the court below can punish a man merely because he chose a profession requiring many years of study and training with little reward in the meanwhile. Nor can we ignore the fact that he is still in training merely because he and his wife are separated. Appellant should not be stripped to his bare economic necessities, especially where his wife is gainfully employed. There is no testimony whatever that she is in need and, in fact, her net income of $60. a week would tend to show the contrary. Extracting $15. a week from the net cash income of the appellant leaves him with only $75. a month while his wife's net income would be thereby increased from $240. to $300. a month.

The meager record in this case is most unsatisfactory, as it obviously was to the learned court below. The only testimony as to the wife's needs is that she "wanted" $15. a week. There is nothing in the record to show why the appellant is leaving a residency paying $350. a month to accept one paying only $150. but the wife does not question the advisability of such change, and there is nothing to show the probable duration of appellant's residency. If orders for support were immutable, the record should be remanded, but, as is well established, they are temporary in the sense that they are subject to modification. *Com. ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 21 A. 2d 236.

Appellant is legally obligated to contribute to the support of his wife. The liability as such is not questioned and must be recognized. However, considering all the factors in this case, we believe that the present order would tend to be confiscatory and penal. Consequently, basing our conclusion upon appellant's net income of $135. a month, that he is in training, that his earning capacity—and undoubtedly his earnings—will increase after the completion of his training and that this will enure to the benefit of the wife (Cf. *Com. ex rel. Lazarou v. Lazarou,* 180 Pa. Superior Ct. 342, 119 A. 2d 605.) we believe that the order should be reduced to the nominal amount of $15. a month and we so modify the order.

Order, as modified, is affirmed.