## Commonwealth ex rel. Feldman v. Feldman

*Kiefer N. Gerstley,* for Commonwealth.

*Gilbert P. High* and *Stephen G. Yusem,* for defendant.

SCIRICA, J., January 7, 1972.—This is a petition to increase the support order for two minor children. A hearing was held thereon on October 6, 1971. On August 25, 1970, this court handed down an order. This order was appealed and confirmed by the Pennsylvania Superior Court on August 12, 1971, 219 Pa. Superior Ct. 743.

Since that date, relatrix remarried on March 21, 1971, and is now Barbara Frankel. She and the two children still reside at 811 Winter Road, Rydell, Montgomery County, Pa., which is titled in her name. Her husband has moved into this residence. His three children by a former marriage spend every other weekend in this household.

Relatrix and respondent executed a separation agreement which was fully discussed in the opinion accompanying the aforesaid order. As a result of her remarriage, relatrix no longer receives $10,000 annually from respondent.

At this hearing, relatrix testified that her telephone and food bills have increased. Her total expenses to run the house, i.e., taxes, utilities, sewer rents, telephone, repairs to house and maintenance of grounds have remained about the same. Formerly, she allocated two-thirds of this cost to her children. Now, she is allocating only one-half of these costs to them.

Since the last order, respondent liquidated his business, a very wise business decision, and placed this cash, which, after taxes and other expenses, amounted to less than $1,000,000, with an investment counseling service and a bank as custodian. He has a three-year employment contract with Keyser Roth Company at $75,000 annually.

The court is of the opinion that there is little change, if any, in the need of the children, and the financial condition of respondent father.

In considering whether an order should be remitted, reduced or increased, the court must take into consideration all relevant factors and deal with the order as the case may warrant: Commonwealth ex rel. Crane v. Rosenberger, 212 Pa. Superior Ct. 144 (1968).

The author of this opinion acknowledges the fact that relatrix allocated a portion of the annual $10,000 she received from her former husband for the care and support of her two children. This change, however, is more than balanced by the fact that her current husband now resides with her and her two children in the former Feldman household. Furthermore, his three children by a former marriage spend considerable time there. His expenses for the care, operation and maintenance of the household are minimal, and yet he experiences all the comforts and pleasures of a man who owns an $80,000 home.

It was because of the possibility that this situation might arise that the original separation agreement stipulated that the annual $10,000 payment to relatrix was to cease in the event of her remarrying.

Under these circumstances, it does not follow that because relatrix no longer receives support that an order should be granted increasing the amount of money her former spouse must pay for the support of their two minor children.

In a proceeding for the support of a minor child, the burden rests upon the relatrix who seeks to increase the existing order to show such changes in conditions or circumstances as would justify an increase: Commonwealth ex rel. Gudknecht v. Gudknect, 176 Pa. Superior Ct. 182 (1954); Commonwealth ex rel. Gerstemeir v. Gerstemeir, 196 Pa. Superior Ct. 308 (1961). Here, relatrix has failed to meet her burden. Consequently, her request for an increase of the support order for the two minor children is denied.