## PROVIDENCE COUNTY.

### LILLIAN M. HAMMOND *vs.* CHRISTOPHER HAMMOND.

On an application for a divorce under a statute which made "neglect or refusal on the part of the husband, being of sufficient ability, to provide necessaries for the subsistence of his wife," Pub. Stat. R. I. cap. 167, § 2, a cause for divorce, it appeared that the neglect to provide was caused by the committal of the husband to prison for a term of years under sentence for a felony.

*Held*, that while incarcerated he had not "sufficient ability" to provide.

*Held*, further, that in divorce proceedings the cause of the inability to provide on the part of the husband was immaterial.

*Held*, further, that the petition for divorce must be dismissed.

PETITION for divorce.

*June 5*, 1885. DURFEE, C. J. Two causes for divorce are assigned in the petition, namely, extreme cruelty, and neglect or refusal to provide necessaries, the respondent being of sufficient ability. Extreme cruelty has not been proved. The only proof of neglect to provide is that, about a year and a half before the preferring of the petition, the respondent was arrested in Albany, New York, for burglary in the third degree, so called, convicted, and imprisoned in New York for two years. He was destitute of property of any sort, and of course could not, while in prison, have the fruit of his labor. Clearly, therefore, he did not have sufficient ability to provide necessaries for his wife, and we do not see how it can be said that the statutory cause has been proved. It is urged that the lack of ability ought not to avail the respondent, because he lost the ability by his own fault. We do not think any estoppel can be applied against a respondent in a divorce case. The question of divorce is not a matter which is merely personal to the parties. The State has an interest in it, and has clearly specified the causes; one or more of which must be shown to exist to the satisfaction of the court before the divorce

can be granted. We cannot hold that the respondent had sufficient ability, when it is clear that he did not have it, merely because he lost it by his own fault. The fact that the fault was also a crime makes no difference, in a legal point of view; for it is not the crime which the statute makes a cause for divorce, but neglect·or refusal to provide, being of sufficient ability. If the divorce were grantable in this case, notwithstanding the husband's lack of ability, we do not see why it would not be grantable for a like reason if the husband had simply disabled himself by breaking an arm or a leg by assuming an unnecessary risk, or by falling sick from a reckless exposure to contagious disease.

*Petition dismissed.*

*Charles F. Baldwin,* for petitioner.
*A. & A. D. Payne,* for respondent.