## THE STATE vs. WITHAM.

*December 15, 1887 — January 10, 1888.*

CRIMINAL LAW: HUSBAND AND WIFE. *(1) Abandonment, before statute made it an offense: Continued refusal to support. (2) Statute construed: "Ability" to provide for wife. (3) Report to S. C.: "Conviction."*

1. A married man abandoned his wife before ch. 422, Laws of 1885, took effect, and continued to refuse to support her after it went into operation. *Held*, that he was liable to the penalty prescribed by the act.

2. The words "being of sufficient ability," as used in sec. 2 of that act, refer as well to the husband's capacity or skill to earn or acquire money as to property actually owned by him.

3. Upon an information under ch. 422, Laws of 1885, a trial was had without a jury, and the court found facts which rendered the defendant liable to the penalty prescribed, and reported the case to this court for its decision on questions of law. *Held*, that the finding of the trial court might be treated as a *conviction*, within the meaning of sec. 4721, R. S., authorizing a case to be so reported.

REPORTED from the Municipal Court of *Rock* County. The case is stated in the opinion.

For the plaintiff the cause was submitted on a brief signed by the *Attorney General* and *L. K. Luse,* Assistant Attorney General. To the point that it is only in case of a conviction that the court is authorized to certify the case up for the decision of questions arising upon the trial, they cited sec. 4721, R. S.; *State v. Kneifle*, 12 Wis. 437; *State v. Parish*, 42 id. 625. It is doubtful if the mere act of abandonment prior to the time the act went into force, uncoupled with a refusal to provide for his wife after its passage, would subject the defendant to the penalty. *Bayne v. People*, 14 Hun, 181; *State v. Deaton*, 65 N. C. 496; *State v. Deaton*, 78 N. C. 418. Ability to work and earn wages would constitute "sufficient ability," within the meaning of the statute. The same language in the divorce law (sec. 2357, R. S.) has been so construed. *Keeler v. Keeler*, 24 Wis. 522; *Weishaupt v. Weishaupt*, 27 id. 621. See, also, 1 Bish. on M. & D. (6th ed.), secs. 817, 820.

[No appearance for the defendant.]

COLE, C. J. This action was commenced by an information filed by the district attorney of Rock county, in the municipal court of said county, charging in the first count that the defendant did on the 1st day of May, 1885, at the city of Janesville, abandon his wife, leaving her in a destitute condition, and has since that date continued to leave her in a destitute condition; in the second count that at the time above mentioned the defendant, being of sufficient

ability, refused and neglected, and continues to refuse and neglect, to provide for the support of his wife. The municipal judge tried the cause without a jury, and has reported, under sec. 4721, R. S., for the decision of this court, the following questions: (1) Is the defendant liable to the penalty prescribed by ch. 422, Laws of 1885, which was published April 18, 1885; the abandonment of his wife having occurred before the law took effect, but having been wilfully continued to the time of the trial? (2) Do the words "being of sufficient ability," as used in sec. 2 of said chapter, include capacity — as to earn wages or salary, or to produce or create value by skill and labor, or is the application limited to property possessed?

Sec. 2 of ch. 422 provides for two cases: (1) It makes it a misdemeanor for a husband to abandon his wife, leaving her in a destitute condition; (2) or, being of sufficient ability, the refusal or neglect to provide for her. By the act of abandonment, leaving his wife in a destitute condition, the husband incurs the penalty. He also incurs the penalty when, being of sufficient ability, he refuses or neglects to provide for her support. In the present case, while the abandonment occurred before the law took effect, still the wilful refusal to provide for his wife continued to the time of trial. This rendered the defendant liable under the statute for the penalty incurred or imposed for such neglect. This seems to be the plain meaning and intent of the law. The first question submitted is therefore answered in the affirmative.

The words "being of sufficient ability," as used in the statute, we have no doubt refer as well to capacity or skill to earn or acquire money as to property actually owned. A husband may earn money by his industry or labor, or he may, and often does, gain a fortune or receive a large salary in consequence of his skill in some direction, and thus becomes able to support his wife and family. Ability and

refusal to support constitute one act of delinquency; and where a man has a physical and mental power to acquire means he comes within the intent of the law. It would be an unreasonable construction to confine it to a case where the husband had actually acquired property; for, as we have said, his ability to support his wife — to discharge that most sacred of all social duties — might be as ample and complete where he had capacity to earn wages or a salary, or skill to acquire wealth, as when he possessed money itself. So, the answer to the second question is that the law is not limited or confined to property actually possessed by the husband, but includes his capacity to earn or obtain means to support his wife.

The attorney general suggests there may be a doubt as to whether the case is properly before us, because there has been no conviction. The court, however, has found the facts which show that the defendant is liable for the penalty of the statute, and this finding may be treated as equivalent to the verdict of a jury. At all events, we have deemed it best to give our decision upon the questions certified by the municipal court.

*By the Court.*— The case is remanded to the municipal court, with a certified copy of this opinion, for further proceedings according to law.