STATE *vs.* FRANCIS J. BARTLEY.

JANUARY 19, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Criminal Complaint.  Neglect to Provide.  "Means."*

Upon a criminal complaint under Gen. Laws, 1909, cap. 347, § 39, for neglecting to support a wife and child according to his means, it is not necessary to show that defendant had actually been in the receipt of money during the period in which the offence is charged, but it is sufficient to show that h e had the means of earning money had he been so disposed. The words "according to his means" refer to capacity to earn money as well as to property actually owned.

*(2)  Prima Facie Case.  Direction of Verdict.*

Where a complainant has made out a *prima facie* case and the defendant has offered no evidence, a request to direct a verdict for defendant is properly denied.

*(3)  Neglect to Provide.  Reasonable Doubt.*

Upon a criminal complaint under Gen. Laws, 1909, cap. 347, § 39, for neglecting to support a wife and child according to his means, the guilt of defendant in this respect must be proved beyond a reasonable doubt.

CRIMINAL COMPLAINT. Heard on exceptions of defendant and overruled.

VINCENT, J. This is a complaint and warrant brought under Section 39 of Chapter 347 of the General Laws of 1909, and charges the defendant with neglecting to support his wife and child according to his means.

The case was tried in the Superior Court where the defendant was found guilty and is now before us on the defendant's exceptions: (1) To the refusal of the trial court to direct a verdict for the defendant and (2) to the refusal of the trial court to charge that the jury must be satisfied that the State has proved beyond a reasonable doubt that the defendant neglected to provide for his wife and child according to his means. There must be evidence of means.

The defendant's wife testified that the defendant was a carpenter; that he went away and left her and their child, four years old, on May 13, 1913; that from that time he had not contributed anything to the support of either of them; that she did not know where the defendant went, but had been informed that he went to New York; that she did not see him from May, 1913, to December, 1914, when she met him on the street in Pawtucket; that she did not know of her own knowledge whether or not the defendant had worked while away, but that he had told her sister that he had been working; and that she and her child had been supported by her own work and the help of her father.

The father of the defendant's wife testified that the defendant had contributed nothing to the support of his wife and child for about two years and that the defendant was a first-class carpenter and was working then.

The defendant offered no evidence.

Upon this testimony the defendant asked the court to direct the jury to find a verdict of not guilty. We think this request was rightly refused.

Our attention has been called, during the argument of counsel for the defendant, to the hearsay character of that portion of the testimony of the defendant's wife wherein she states that the defendant had told her sister that he had been working while he was away. No exception was taken to this testimony at the trial. It is not essential however to the disposition of the case, as we view it, and therefore it need (1) not be discussed. Without this there is sufficient testimony

to show that the defendant had a good trade in which he was a skillful worker. The jury saw him and was thereby able to form some judgment as to his health, age and general physical condition. It is not necessary for the complainant to show that the defendant had actually been in receipt of money during the period in which he had failed to support his wife and child. It is sufficient if it be shown that he had the means of earning money had he been so disposed. To be versed in the technicalities of a good trade, like that of carpentry, and to have the ability and skill to meet its requirements is to possess a "means" by which a man may be enabled to contribute to the support of his family. We think that the words of the statute "according to his means," refer to capacity to earn money as well as to property actually owned and possessed, and that where a man has the physical

(2) and mental power to acquire means he comes within the intent of the law. *State* v. *Witham,* 70 Wis. 473. Applying these principles to the matter in hand, we think that the complainant has made out a *prima facie* case. The defendant did not offer any testimony. While his failure to do so should not, perhaps, be allowed to militate against him, yet the complainant having made a *prima facie* case the way was open to him to show that by reason of ill health or inability to obtain employment he had been unable to earn money and contribute to the support of his wife and child. The complainant having made a *prima facie* case and the defendant having failed to offer any testimony to rebut it we think that the denial of the defendant's request for the direction of a verdict was proper.

(3)    An examination of the charge of the trial court, as appears from the transcript of testimony, shows that the request of the defendant to charge, as set forth in his second exception, was fully covered. The court charged with distinctness that the guilt of the defendant must be proven beyond a reasonable doubt in order to convict him and that the jury must find beyond a reasonable doubt that the defendant neglected to provide for his wife and child according to his

means and later in the charge the same language was substantially repeated.

The defendant's exceptions are overruled and the case is remitted to the Superior Court for sentence.

*Abbott Phillips, Assistant Attorney General,* for State.

*Clarence N. Woolley,* for defendant.