LYNDA V. BLATCHFORD *vs.* THOMAS H. BLATCHFORD.
JUNE 3, 1941.
PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This petition for divorce was brought in the superior court by the wife on the grounds of desertion and neglect to provide, and was denied by the trial justice. Petitioner excepted to this denial and she is here on that exception.

The respondent was served by publication but he did not enter any appearance either before or at the trial in the superior court, and he did not file a brief or argue in this court. The cause proceeded to hearing *ex parte* in the superior court. Petitioner and two of her daughters were the only witnesses.

The evidence was substantially as follows: Petitioner and respondent were married in England in the year 1916. Later they came to this country and lived together very happily for a period of seventeen years during which time there were born to them four daughters and three sons. During the next three years, according to the testimony of the petitioner, their married life became exceedingly unpleasant, and

finally, on January 18, 1938, respondent left home and never returned. Thereafter the respondent had some correspondence with his daughters. The last letter was received from him by his eldest daughter, who testified that her father was then in Florida and she believed he was employed on some construction work. She also testified that he was a general contractor and landscape gardener.

There was no other evidence before the trial justice as to the ability of the respondent to provide for his family. No one testified as to respondent's earnings at any time or whether the job he had at the time he was last heard from was temporary or permanent. And there is no evidence at all in the record concerning the economic situation of the respondent during the year next before the filing of the petition for divorce. It does not appear what was the date of respondent's last letter, but petitioner states in her brief that "nothing had been heard from him at the time of the trial for more than two years." This would be, at the very latest, some time before February 19, 1939. Petitioner filed her petition July 20, 1940.

Petitioner contends that she was entitled to a divorce on the ground of neglect to provide. She also contends that the evidence shows that her husband deserted her; that such desertion had continued for a sufficiently long period, although shorter than five years, to entitle her, in the discretion of the trial justice, to a divorce on that ground; and that the trial justice abused his discretion in not so finding.

The statute provides that a divorce shall be decreed for "wilful desertion for 5 years of either of the parties, or for such desertion for a shorter period of time in the discretion of the court." G. L. 1938, chap. 416, § 2. The petitioner contends that the trial justice abused his discretion in not granting her petition on this ground. We cannot agree with the petitioner, as we are of the opinion that the evidence here does not clearly show that the trial justice abused his discretion.

The evidence concerning the circumstances of the respondent's leaving his wife and children is exceedingly meager. Indeed, about all that we learn therefrom is that respondent, after seventeen years of very happy married life, and three additional years, which, according to the petitioner, were very unhappy, suddenly left his home and was believed to be working in Florida. Why he left his home and whether he did so intending to stay away permanently and refuse, in fact, to support his wife and children, are questions left unanswered by the evidence either directly or by reasonable inference.

The fact that he wrote to his daughters and disclosed his whereabouts would throw some doubt on any intention to desert and refuse to provide. For aught that is disclosed by the evidence, it might well be that he went away to seek employment at his calling. In any event, the evidence is not such as to justify us in holding that the trial justice had abused the discretion conferred upon him by the statute. The burden was upon the petitioner here to show that fact. Clearly she has not done so.

As to the ground of neglect and refusal of the respondent to provide, he being of sufficient ability to do so, during the year next preceding the filing of the petition, there is only the sketchiest evidence, and even that does not pertain to the period required by the statute, namely, the year next preceding the filing of the petition. This evidence is to be found only in the eldest daughter's testimony which was as follows: "I believe he was working in Florida on some construction work; I don't know just what it was." This testimony, furthermore, does not relate to the year next before the filing of the petition but to a time considerably before the beginning of such period. Evidence concerning neglect during such period is necessary to prove this ground. *Hurvitz* v. *Hurvitz*, 44 R. I. 478. The ability to provide, as well as the neglect to do so, must be shown to have continued during such period. On such scanty testimony as that above quoted, we cannot reasonably say that the trial

justice was clearly wrong in not granting the divorce on respondent's refusal and neglect to provide.

In connection with the question of respondent's ability to provide, petitioner argues that evidence of the respondent being able-bodied and working when last heard from is proof, in the absence of counter-evidence, of such ability within the meaning of the statute. She cites in support of this contention *State* v. *Bartley*, 38 R. I. 414. That was a criminal case where the defendant was prosecuted for neglecting to support his wife and children "according to his means." There the court held that "capacity to earn money" as well as possession of money was the possession of "means" within the intendment of the statute. But in that case the jury, which found the defendant guilty, had evidence before it that the defendant was not only able to work but was working at his trade of carpentry and deliberately refused to support his wife and child. Apparently the only question before this court on appeal was whether the state was bound to show possession of money or property by the defendant in order to prove that the defendant had "means".

We think the true rule of construction of the statute presently under review was laid down in *Hammond* v. *Hammond*, 15 R. I. 40. The respondent must not only have the physical capacity to earn but he must also have the opportunity to apply such capacity. We learn from the record next to nothing either of the capacity of the respondent here or his opportunity to apply such capacity to the earning of sufficient money, during the year next preceding the filing of the instant petition, for the support of himself and his wife and children. We are of the opinion that the requirements of our statute are met if such capacity and opportunity are shown to exist, either by direct evidence or by reasonable inference, but a mere showing of one without the other is not sufficient.

We cannot say that the trial justice was clearly wrong in refusing to grant the petition. We are not concerned with what reason he gave for his decision, or with the reason which

petitioner's counsel argues that he gave for not granting the petition, as we have considered the petitioner's exception, not on the correctness of such reason, but solely on the evidence which was before the trial justice.

Petitioner's exception is overruled, and the case is remitted to the superior court.