## Commonwealth ex rel. Goldman *v.* Goldman
### (et al., Appellant).

338

Argued October 4, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and ERVIN, JJ. (WOODSIDE, J., absent).

*Leonard Levin*, with him *Levin, Levin & Levin,* for appellant.

*D. Freeman*, with him *Leonard J. DeNote,* for appellee.

OPINION BY ROSS, J., January 17, 1956:

Audrey Moskowitz here appeals from two orders in proceedings for the support of her father. Number 270 is from the initial order for support and number 291 is from the order of enforcement entered after her failure to comply with the order for payment. Arnold Goldman, appellant's brother, was also involved in these proceedings, but he chose not to appeal.

The proceeding for support was brought under the Act of June 24, 1937, P. L. 2045, Sec. 3, as amended by the Act of May 23, 1945, P. L. 864, Sec. 1 etc., 62 P.S. Pocket Suppl. sec. 1973, which provides in part as follows: "(a) The husband, wife, child, father and mother of every indigent person, whether a public charge or not, shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides shall order or direct." After hearing, the court entered an order against the appellant for $3. a week.

The only real issue here is whether the appellant is "of sufficient financial ability" to contribute toward the support of her father within the meaning of the Act. The other question raised, whether the father is "indigent" is without merit, for the record amply indicates that he is. See our discussion of "indigent" in *Commonwealth ex rel. Home for the Jewish Aged v. Kotzker*, 179 Pa. Superior Ct. 521, 118 A. 2d 271. Harry Goldman, appellant's father, is in substantially the same financial situation as the elder Kotzkers were in that case.

According to the testimony the appellant is married to an engineer who earns $7,500. a year. They have a three year old child for whom she cares in addition to keeping house for her husband. She does not work anywhere, nor does it appear that she is able to

accept employment, and she has no separate property. Her husband furnishes her with money for household expenses but has forbidden her to use any of this money for her father's support. In an admitted effort to prevent her from so using any of the household expense money, the husband has placed her on a day to day budget, limiting the amount to that required for the basic necessities. He pays all other bills himself.

There is nothing in our law requiring appellant's husband, the son-in-law, to contribute toward the support of his wife's father. The issue then is whether the appellant, who performs her husband's housework, raises his child, and depends upon him for her own support, without a separate estate of her own, has "sufficient financial ability" to assist her father. We think not. Any order against her naturally requires that she obtain the funds necessary to comply therewith from some source. She has to have the ability to pay. *Stoner Estate,* 358 Pa. 252, 258, 56 A. 2d 250. She has only one source of income, her husband. Generally, the test for financial ability includes a consideration of the actual income, the property, assets and earning ability, as well as other attendant circumstances. *Davidsen v. Davidsen,* 175 Pa. Superior Ct. 123, 128, 103 A. 2d 296, *Commonwealth ex rel. Schoenfeldt v. Schoenfeldt,* 149 Pa. Superior Ct. 455, 457, 27 A. 2d 472, 473. The attendant circumstances here indicate that appellant has been virtually pauperized by her husband to prevent her complying with the support order, a situation certainly not in the best interests of marital harmony and domestic felicity. She has no earning capacity for she cannot be made to obtain employment at the expense of her duty to her husband and child of tender years. Public policy favors this duty to her immediate family as well as the duty to support indigent parents. But it cannot fa-

vor the latter at the expense of the former, for if there is a conflict, the duty to her husband and child is the primary one.

It is precisely this duty to her child which distinguishes this case from that of *In the matter of Fred Stees,* 93 Pa. Superior Ct. 232, allocatur refused, 93 Pa. Superior Ct. xxv, cited by appellee. There it was not denied that the defendant, a married woman, had the ability to earn income as a housekeeper. The ability to earn, or earning capacity must mean the *present unexercised* capacity to earn income. Generally, earning capacity becomes an important consideration when there has been an effort to lower earnings to minimize the liability for support. See *Commonwealth ex rel. Saul v. Saul,* 175 Pa. Superior Ct. 540, 107 A. 2d 182. This is not present here for several reasons, not the least of which is appellant's duty to care for her small child which overrides any duty to seek employment solely to support a parent.

The earnings of appellant's husband are his separate property as is any other property owned separately by him. It is of course his duty to support his wife, but there is nothing to prevent him from paying all the bills and providing for her needs according to their station in life by handling the money himself. No court can compel him to provide his wife with money out of which she could support her father. She is without legal standing to impose upon him the obligation of supporting her father and, although on moral grounds we may quarrel with the stringent attitude of her husband, we are helpless to relieve the situation under the present statutory law. The support laws are not penal in nature. *Commonwealth ex rel. Bush v. Bush,* 170 Pa. Superior Ct. 382, 384, 86 A. 2d 62. They are designed to provide support where the need is present and *where there exists an ability*

*to pay* in the person upon whom the law places the obligation.

We are not here holding as a blanket rule that a married woman cannot be held liable under the Act for support. Each case must of course depend upon its own facts and circumstances. However the record before us does not disclose that the appellant has earnings, assets, or earning capacity out of which she can pay an order in any amount for the support of her aged and indigent father.

Orders reversed.