236 A.2d 264.

IN RE DIANE MARIE LAPORTE.
IN RE DEBORAH ANN LAPORTE.

DECEMBER 14, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. These petitions for the adoption of two female children without the consent of the natural father, Donald A. LaPorte, hereinafter referred to as the respondent, were brought by James R. Doris and his wife, Mary L. Doris, natural mother of the two children, hereinafter referred to as the petitioners. After a hearing by a justice of the family court, the petitions were denied and dismissed, and from a decree to that effect entered by that court the petitioners now prosecute an appeal in each case to this court.

It appears from the record that Mrs. Doris was married to Mr. LaPorte in the early nineteen fifties and that the two children were born of that union. The parents were divorced in 1959, custody of the children was awarded to the mother, and respondent was ordered to pay the amount of $20 weekly for the support of the children. In May 1961 respondent remarried. In June of that year Mrs. Doris married her present husband, co-petitioner here, and in 1963 they brought these petitions for the adoption of the two children. The respondent has refused to consent thereto. In this circumstance, the provisions of G. L. 1956, §15-7-5, become significant. It is therein provided, in pertinent part, that the parents of a child who is the subject of a petition for adoption "* * * shall except as herein provided, consent in writing to such adoption, or such petition shall be dismissed." It is pursuant to this statutory provision that respondent withheld his consent.

At the hearing before the family court, however, petitioners argued that respondent lost his right to withhold consent to the adoption by reason of his neglect to provide proper care and maintenance for the children for one year next preceding the time of the filing of the petitions. In this they rely on the provisions contained in §15-7-7, as

amended, which, in effect, provide that a parent may forfeit the right to withhold consent to an adoption if it be shown, among other things, that he neglected to provide proper care and maintenance for the child for said term of one year prior to the filing of a petition. However, the court in its decision found that petitioners had failed to sustain the burden of establishing that respondent had *intentionally* neglected to provide for the support of the children and denied and dismissed the petitions. The prime issue raised then in these cases is whether it was error on the part of the trial justice to construe the pertinent provisions of §15-7-7, as amended, as requiring a showing of an intentional neglect to provide proper care and maintenance under the terms thereof before a natural parent's right to withhold consent to an adoption is forfeited.

In §15-7-7, as amended, the legislature prescribes the circumstances under which a parent will be deprived of his right to withhold his consent to the adoption of his child. This statutory provision provides that if either parent be insane, or under guardianship, or imprisoned in the adult correctional institutions for a term of not less than three years, "* * * or has wilfully deserted for one (1) year next preceding the time of the filing of the petition, *or* has neglected to provide proper care and maintenance for the child for one (1) year next preceding the time of the filing of the petition, or is mentally incompetent, * * * the court shall proceed as if such parent were .dead * * *." (italics ours) Our concern here is with that portion of the statute which makes wilful desertion for the term of one year or neglect to provide proper care and maintenance for the term of one year a ground of forfeiture of the right to withhold consent to the adoption and directs that where such a situation has been established, the court continue with the adoption proceedings as if the natural parent were deceased.

The trial justice, in reaching his decision, construed these provisions of the statute as applying only when it is shown

that the neglect to provide was intentional. He concluded that failure to provide support and maintenance, standing alone, does not constitute the wilful neglect contemplated in the statutory provisions. He also went on to say: "The inability on the part of a person to support his children, or an agreement due to financial distress, or relief from support by the party who has custody of the children, or the assumption of support by the other party, does not constitute neglect as contemplated by the legislature, to render one guilty of neglect to support."

The trial justice clearly was of the opinion that the word "wilfully" applies not only to desertion of the child by a parent but has equal application to the provision concerning neglect to provide proper care and maintenance. In short, he construed the statute as disclosing a legislative intent that only when an element of wilfulness taints the neglect will the parent's right to consent be forfeited. This, in our opinion, is resorting to a strict construction to protect the bond between the natural parent and child until it is shown that failure to make provision for care and maintenance was wilful.

There is authority for the proposition that the right of a natural parent to its child is lost only in extreme circumstances. Typical of this line of cases is *In re Adoption of Bryant v. Kurtz,* 134 Ind. App. 480, 487, 189 N.E.2d 593, 597, where the court noted that while custody may be awarded for a temporary duration, "* * * a decree of adoption severs forever every part of the parent and child relationship; severs the child entirely from its own family tree and engrafts it upon that of another. For all legal and practical purposes a child is the same as dead to its parents. The parent has lost the right to ever see said child again or to have any real knowledge of its whereabouts." We agree with the philosophy expressed by the Indiana court and are well aware of the drastic effect of the granting of a petition for adoption.

We are concerned here, however, with an exercise of the legislative power prescribing specific conditions under which a parent will be deprived of the right to withhold consent to the adoption. The primary issue raised by such legislation is always antecedent to the issue of whether the proposed adoption is in the best interest of the child's welfare. *Cf. In re Adoption of Bryant* v. *Kurtz, supra,* at pages 493, 494, 189 N.E.2d 600. In *Hangartner Adoption Case,* 407 Pa. 601, 608, 181 A.2d 280, 284, the court expressly stated in a case brought under the statute that dispenses with the need for parental consent where there is an abandonment: "* * * the welfare of the child is *not* to be considered until abandonment has been established or consent proved * * *." See also *Schwab Adoption Case,* 355 Pa. 534, 50 A.2d 504. In our opinion, the trial justice in the instant case recognized this principle clearly when, having determined that there had been no wilful neglect to provide care and maintenance, he dismissed the petition for adoption. This was not error on his part if his holding—that under the statute neglect to provide must be intentional— correctly interpreted the pertinent provisions thereof.

We turn then to a consideration of §15-7-7, as amended, and the question of whether the trial justice erred in holding that it contemplated a neglect to provide, wilful in character, as constituting a ground for dispensing with the necessity for parental consent. Prior to 1955 the pertinent provisions read: "If either parent * * * has wilfully deserted *and* neglected to provide proper care and maintenance * * *," the court shall proceed as if such parent were dead. (italics ours) G. L. 1938, chap. 420, §3. The use of the conjunctive "and" by the legislature is significant of a legislative intent that desertion and neglect would together comprise one of the circumstances wherein parental consent could be dispensed with. In short, under the statute as it then stood, it was necessary to show a desertion and a neglect to provide, both of which were wilful.

In 1955, however, the legislature amended these provisions of the statute and provided for adoption without parental consent if either parent "* * * has willfully deserted for one year next preceding the time of the filing of the petition, *or* has neglected to provide proper care and maintenance * * *." (italics ours) P. L. 1955, chap. 3483, sec. 1. We are persuaded that the legislature, in amending the pertinent provisions of the statute, intended to change the law so as to establish two entirely separate grounds for dispensing with parental consent: one, desertion of the child for the prescribed term, and the other, neglect to provide care and maintenance for the child for the prescribed period.

It is our further opinion that the legislature had for its purpose the amelioration of the serious social problems that are consequential to a neglect of the parental obligation to support one's child by providing that such conduct would constitute a circumstance under which the right to withhold consent to an adoption would be forfeited. In such circumstance we find it difficult to accept any contention that the legislature intended to impose upon the court charged with the determination of the issue of neglect to provide, a test so subjective and difficult of application as would be that of ascertaining the motivation of the parent.

On the other hand, we will not attribute to the legislature the intent to accomplish so harsh a purpose as to work a forfeiture of such right to withhold consent in cases where the parent was either lacking in ability to provide or was without an opportunity to provide for the support of the child. In our opinion, a necessary implication of the language of the legislature in amending the pertinent provisions of the statute is that there will be a forfeiture of the parental right to withhold consent to an adoption only when it is shown that such neglect occurred while the of-

fending parent had the ability and the opportunity to discharge the duty to provide support.[1]

In his decision the trial justice states that "* * * Mr. LaPorte had supported his children and had complied with the decree of the Court until he was financially embarrassed * * * ." We are unable to ascertain therefrom whether he made a finding that the respondent lacked ability and opportunity to provide proper care and maintenance for the children during the year immediately preceding the filing of the petition. The trial justice makes references also to agreements between the parties as to the responsibility for support and holds that in such circumstances the failure to provide is not the neglect contemplated by the legislature. As we have stated in this opinion, the intention of the legislature was to make this obligation to provide almost absolute, subject to relief therefrom only when it is established that the respondent was either without ability or without opportunity to provide the care and maintenance. In these circumstances it seems to us that the interests of justice will be best served if this cause is remanded to the family court where the question of the ability and opportunity of the respondent may be heard and determined.

The appeal of the petitioners is affirmed, the judgment appealed from is reversed, and the cause is remanded to the family court with direction for rehearing in accordance with this opinion.

*Oliver P. Crandall,* for petitioners.

*Edward F. Malloy,* for respondent.

---

[1]For a discussion of the meaning attributed to the phrase "neglect to provide" in divorce statutes, see *Blatchford v. Blatchford,* 67 R. I. 24, at 27 and 28, 20 A.2d 539, at 541.