326 A.2d 16.

IN RE: ROBERT J. JR.

IN RE: MICHAEL H.

OCTOBER 17, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. These petitions for the adoption of two male children without consent of the natural father, hereinafter referred to as the respondent, were brought by the natural mother of the two children and her husband, hereinafter referred to as the petitioners. After a hearing by a justice of the Family Court the petitions were granted, and from decrees to that effect entered by that court on June 26, 1972, the respondent now prosecutes an appeal in each case to this court.

The record indicates that the mother and respondent were married in 1968 and that the two children sought to be adopted were born of the marriage. The parents were divorced in June 1971, custody of the children was awarded to the mother, and respondent was ordered to pay the amount of $30 weekly for the support of the children. In June 1971, the mother of the children married her present husband, and in February 1972, they filed petitions for the adoption of the two children. The petitioners allege pursuant to G. L. 1956 (1969 Reenactment) §15-7-7 that respondent, although financially able to do so, has neglected to provide proper care and maintenance for the children for more than one year next preceding the filing of the petitions. The mother of the children

consented to the adoptions. The respondent did not consent to the adoptions. In compliance with the relevant statute, respondent was notified of the petitions and a hearing thereon was held in Family Court.

At the hearing, the mother testified that respondent made support payments for the children only through June 1970, whereas respondent testified he made support payments until December 1970. It is undisputed however, that respondent has made no support payments since December 1970.

The respondent testified that from December 1970 to June 1972, the date of hearing in Family Court, he was unemployed, received no unemployment benefit payments, no veteran benefit payments, no public assistance or social security benefit payments, and that he had no income whatsoever. He further testified that he did not own any real estate, stocks, bonds, savings accounts or other assets. He stated that during this period he lived with his grandparents and with a friend. This testimony by respondent is uncontradicted.

The respondent further testified that he is 6′ 1″ in height, has no physical disability, that he is a qualified 2nd class welder and had been employed in that capacity by several firms through December 1970 at a salary of $135 weekly. He further stated that on one occasion he had been advised by a doctor to see a psychiatrist but that he did not follow this advice. He stated that he has neither sought nor desired employment since December 1970.

The respondent in his appeal points to §15-7-5, which requires that in petitions for adoption the written consent of the parents of the child sought to be adopted is required, except in a limited number of situations, and all other petitions for adoption wherein the natural parents

refuse to consent shall be dismissed. The respondent argues that only if petitioners are able to prove that the parents of the child fall within a specific classification of disability will the court be allowed to proceed without parental consent. The exceptions, in situations where consent will not be required, are set forth in §15-7-7, the relevant portion of which reads as follows:

> "15-7-7. Parent under disability or guilty of neglect.—If either parent * * * has neglected to provide proper care and maintenance for the child for one (1) year next preceding the time of the filing of the petition where financially able to do so * * * the court shall proceed as if such parent were dead * * *."

The respondent directs our attention to a line of cases which hold that the natural parent should be deprived of his child only in extreme circumstances. We have in the past recognized the severe consequences visited upon the natural parent by the granting of an adoption petition. *In re LaPorte,* 103 R. I. 232, 236 A.2d 264 (1967); *see also In re Adoption of a Minor Child,* 109 R. I. 443, 287 A.2d 115 (1972) and *Gillis* v. *Main,* 96 R. I. 88, 189 A.2d 808 (1963). Here, however, we are concerned with an exercise of the legislative power in prescribing conditions under which a parent will be deprived of his right to withhold consent to the adoption. It is not contended that the Legislature does not have the authority to set forth the conditions under which a parent will be deprived of the right to withhold consent to an adoption.

In his decision the trial justice found that respondent had the ability and opportunity to work and provide proper care and maintenance for the children, and further that he deliberately chose not to work and therefore failed to provide proper care and maintenance for the children for a period of one year next preceding the filing of the petitions as required by statute. The respondent argues

that when the trial justice considered facts other than his actual financial ability to provide support, he mis-applied §15-7-7. He argues that the language "financially able to do so" in the statute clearly limits the trial court solely to a consideration of the natural parents' income and assets during the one year period set forth therein.

Prior to 1955, the pertinent statute read:

"If either parent * * * has wilfully deserted and neglected to provide proper care and maintenance * * * the court shall proceed as if such parent were dead * * *." General Laws 1938, ch. 420, §3.

We said that under the statute it was necessary to show a desertion and neglect to provide, both of which were willful. In 1955, the statute was amended by P. L. 1955, ch. 3483 sec. 1 as follows:

"If either parent * * * has willfully deserted for one year next preceding the time of the filing of the petition, or has neglected to provide proper care and maintenance * * *." Public Laws 1955, ch. 3483, sec. 5.

By this amendment the Legislature established two entirely separate grounds for dispensing with parental consent:

1. Desertion of the child for one year.
2. Neglect to provide proper care and maintenance for the child for one year.

In interpreting that amendment we held that there will be a forfeiture of the parental right to withhold consent to an adoption only when it is shown that such neglect occurred while the offending parent had the ability and the opportunity to discharge the duty to provide support. *In re LaPorte, supra* at 237-38, 236 A.2d at 267.

In 1970, P. L. 1970, ch. 132 further amended §15-7-7 by adding the language "where financially able to do so". It is the interpretation of that language by the trial justice on which respondent rests his appeal.

The respondent argues that the Legislature in enacting the 1970 amendment did not adopt the two part test as enunciated by this court in *LaPorte*, but instead chose to modify the rule by eliminating the phrase "the ability and the opportunity to discharge the duty to provide support" set forth by the court therein. *In re LaPorte, supra* at 238, 236 A.2d at 267. The respondent, continuing argues that the words "financially able" as used in §15-7-7 should be construed strictly and literally to mean capable of support in terms of either money or other liquid resources. What constitutes financial ability depends upon such a variety of circumstances that it is difficult to state a general rule. We must, however, give a reasonable construction to the words "financially able".

In *State* v. *Bartley*, 38 R. I. 414, 96 A. 305 (1916), wherein a criminal complaint charged that the defendant neglected to support a wife and child "according to his means," this court stated that the words "according to his means" refer to capacity to earn money as well as to property owned or possessed, and that when a man has the physical and mental power to acquire means he comes within the intent of the law. *State* v. *Witham*, 70 Wis. 473, 35 N.W. 934 (1888).

In *Blatchford* v. *Blatchford*, 67 R. I. 24, 20 A.2d 539 (1941), which concerned a petition for divorce on the ground of neglect and refusal to provide, the respondent being of sufficient ability, this court approved the construction applied in *Hammond* v. *Hammond*, 15 R. I. 40, 23 A. 143 (1885) that the respondent must not only have the physical capacity to earn but must also have the opportunity to apply such capacity. This is the construction applied by this court to §15-7-7 before the latest amendment thereto in 1970. *In re LaPorte, supra.*

Here, respondent argues that the trial justice considered evidence unrelated to financial ability, viz., motivation, potential ability and opportunity, and consequently misapplied the law. We do not agree, but rather hold that in interpreting the words "financially able," the proper test is a consideration of the actual income, property, assets and earning ability as well as other attendant circumstances. *See Commonwealth ex rel. Goldman v. Goldman*, 180 Pa. Super. 337, 119 A.2d 631 (1956). The attendant circumstances here indicate that respondent of his own volition and without justification did not work and in fact refused to seek employment, and consequently of his own volition failed to carry out his responsibility to support the children.

The trial justice found that the respondent had neglected to provide proper support and maintenance for the children for one year prior to the filing of the petitions although financially able to do so. We are of the opinion that the trial justice correctly applied the law to the evidence and consequently did not err when he granted the petitions.

The respondent's appeal in each case is denied and dismissed, and the cases are remitted to the Family Court.

*Higgins, Cavanagh & Cooney, Albert D. Saunders, Jr.,* for petitioners.

*Richard B. Tucker,* Rhode Island Legal Services, Inc., for respondent.