DECISION
This is an appeal from a March 26, 1993 decision of the Providence Zoning Board of Review (Board). The plaintiffs in this matter seek a reversal of the Board's decision to grant the defendant's request for a variance.
I. Case and Travel
S D Investment (S D), owns the property designated as Lot 210 on Assessor's Plat 8. Lot 210 consists of real estate at 80-82 Doyle Avenue, Providence, Rhode Island. Lot 210 contains approximately 6,062 square feet of land area. The property is in a residential R-3 zone, which is "intended for medium density residential areas comprised of structures containing single family, two family and three or more family dwelling units. . . ." The City of Providence Zoning Ordinance, Art. I, § 101.1 (1991). Pursuant to the records of the Providence Department of Inspection and Standards, the property has a legal nonconforming use as a four (4) family dwelling.
S D has owned lot 210 for about two years. The lot contains a three-story wood framed structure with two dwelling units on each floor. This is an illegal nonconforming use as a six-family dwelling. S D has stated it was not aware of the illegal nonconforming use of the dwelling when they purchased the property. As a result, S D sought to obtain relief from the Providence Zoning Ordinance's lot area per dwelling unit requirement.
An advertised public hearing was held Tuesday, February 23, 1993. The Board made the following findings:
 "1.) The proposed use of the property is a permitted use in the R-3 Zone pursuant to Section 303, and the requested relief from Sections 202.5, 202.6, 304, 703.2 and 704.2, is relief from regulations of an otherwise permitted use.
 2.) Strict enforcement of the provisions of the Zoning Ordinance would result in unnecessary hardship to the applicant, and such hardship would amount to more than a mere inconvenience, because as testified to by Mr. Sloan, upon his inspection of the interior of the building, . . ." it appears from an internal inspection that each of the units, there are features that show these units have been used as such for many years." Based upon the foregoing testimony, the Board finds that it is not economically feasible to restructure the building in order to render it conducive as a four-family dwelling.
(Board's Decision at 1-2). The Board, in turn, partially granted S D's request for relief from the lot area per dwelling unit requirement of the Providence Zoning Ordinance and allowed S D to establish a five-family dwelling instead of the requested six-family dwelling. In response, the plaintiffs, neighbors opposed to the granting of the variance, filed the instant appeal.
II. Appellate Review of Zoning Board Decision
Pursuant to Rhode Island General Laws § 45-24-69(D), the Superior Court possesses appellate jurisdiction to review zoning board decisions. Section 45-24-69(D) provides in pertinent part:
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
R.I. Gen. Laws 1956 (1991 Reenactment) § 45-24-69(D).
In reviewing a zoning board decision, the Superior Court may neither substitute its judgment for that of the zoning board nor examine the weight of the evidence. Rather, the court must examine the entire record to determine whether `substantial' evidence exists to support the board's findings. This requisite substantial evidence means more than a scintilla but less than a preponderance.
However, a zoning board's determinations of law are not binding on the reviewing court. See Gott v. Norberg,417 A.2d 1352, 1361 (R.I. 1980). Rather, "[q]uestions of law . . . may be reviewed to determine what the law is and its applicability to the facts." Carmody v. Rhode Island Conflict of Interest,
509 A.2d 452, 458 (R.I. 1986).
Applicants who seek relief before a zoning board of review have the burden of fulfilling the prerequisites to relief from the relevant zoning ordinance. DiIorio v. Zoning Board of Review,252 A.2d 350, 353 (R.I. 1969). To decide whether an applicant sustained his or her burden of proof, it is necessary to ascertain the proper standard of proof with respect to relief sought. Gara Realty v. Zoning Board of Review, 523 A.2d 855, 857 (R.I. 1987).
III. Decision A. The Board Applied the Correct Standard of Review
In the case at bar, S D seeks a deviation from the regulation of a permitted use. Although § 101.1 permits the erection of a multi-family dwelling, this use is conditioned upon S D's satisfying the dimensional regulation regarding minimum lot area per dwelling unit. As such, S D sought a Viti variance, and the Board correctly applied the Viti variance standard. Viti v. Zoning Board of Review, 92 R.I. 59, 65,166 A.2d 211, 213-14 (1963).
In Viti, the Rhode Island Supreme Court recognized that an owner is entitled to relief from the literal enforcement of zoning regulations when such enforcement would preclude the full enjoyment of a permitted use. In doing so, the Court stated that an applicant for a deviation must show that enforcement of the ordinance amounts to something more than a mere inconvenience. The test to determine if this standard is met "is whether a literal enforcement thereof would have an effect so adverse as to preclude the full enjoyment of the permitted use." Westminster v.Zoning Board of Providence, 103 R.I. 381, 238 A.2d 353, 387 (1968).
 B. Substantial Evidence Exists on the Record to Substantiate the Board's Decision
The plaintiffs contend that S D did not present substantial evidence in support of its application, and accordingly the Board should deny the requested relief. Specifically, plaintiffs claim that: (1) S D did not meet the parking requirements required under the ordinance; (2) the evidence before the Board does not satisfy the dimensional variance standard; and (3) the Board exceeded its authority by granting relief for a five-family dwelling rather than the requested six-family dwelling.
 1. Parking Requirement Satisfied
With respect to the parking regulation § 703.2 of the Providence Zoning Ordinance requires 1.5 parking spaces per dwelling unit. Thus, the five-family dwelling granted by the Board requires (8) parking spaces. The Board found that:
 "5.) The department of Traffic Engineer advised the Board that it had no objection to the parking plan. Mr. Shein has testified that the property is able to accommodate nine (9) or ten (10) automobile spaces and has submitted pictures indicating ample rear yard space for parking and the Board has viewed the rear yard during its inspection and finds Mr. Shein's testimony to be reliable."
(The Board's Decision at 2). Therefore, the Board made sufficient findings supported by substantial evidence in the record to sustain its decision.[1]
 2. Findings of Board Satisfy More Than a Mere Inconvenience Standard
The Rhode Island Supreme Court has held that the award of a variance was never intended to afford relief from a mere personal inconvenience experienced by a property owner or as a guise to guarantee such an individual a more profitable use of his property. Gartsu v. Zoning Board of Review, 104 R.I. 715, 720-21,248 A.2d 597, 598 (1968). It is well settled that the mere loss of profits is insufficient to meet the more than a mere inconvenience standard. Gartsu v. Zoning Board of Review, 104 R.I. at 720-21, 248 A.2d at 598. The evidence before the Board included the testimony of Mr. Sloan, a real estate expert, who personally inspected the interior of each of the residential units within the subject property; the testimony of Mr. Shein, a partner in S D; and the Board's own inspection of the property.
Mr. Sloan testified that upon the inspection of the interior of the building ". . . there are features that show these units have been used as [a six-family dwelling] for many years." Board's Decision at 2. Mr. Sloan also testified that he felt:
 ". . . it reasonable to believe from looking at the structure that it was represented as being a six-unit building (at the time of purchase) because of the fact that each of the units are so clearly defined and they each have at least one feature or another, in some cases, dual or triple features, that show it to be there for many, many years."
Board's Decision at 2.
In the instant matter, the Board found that it would not be "economically feasible to restructure the building in order to render it conducive as a four-family dwelling." Board's Decision at 2. The Board's decision concerns the effort and expense associated with remodeling and revamping an existing structure, not the increased or decreased income potential from the property. The Board had before it ample evidence demonstrating that conversion of the building to a four-family dwelling would constitute more than a mere inconvenience.
 3. The Board May Impose the Least Relief Necessary
The enabling legislation provides that a board of review, in granting a variance, may, inter alia, "make such order, requirement, decision or determination as ought to be made." G.L. 1956 (1991 Reenactment) § 45-24-19. The Rhode Island Supreme Court has held that this provision of the statute confers upon a board of review authority to impose reasonable conditions upon the grant of a variance. Town of Warren v. Frost, 111 R.I. 217,301 A.2d 572, 573 (1973). Furthermore, § 45-24-43 provides in part:
 "In granting a variance or in making any determination upon which it is required to pass after a public hearing under a zoning ordinance, the zoning board of review or other zoning enforcement agency may apply such special conditions that may, in the opinion of the board or agency, be required to promote the intent and purposes of the comprehensive plan and zoning ordinance of the city or town. . . . Those special conditions shall be based on competent credible evidence on the record, be incorporated into the decision, and may include, but are not limited to, provisions for:
 (1) Minimizing adverse impact of the development upon other land, including the type, intensity, design, and performance of activity; . . .
 (5) Designating the exact location and nature of the development; . . ."
G.L. 1956 (1991 Reenactment) § 45-24-43. Pursuant to the enabling act and local ordinance, the Board possessed authority to modify S D's requested variance to the least relief necessary to satisfy the more than a mere inconvenience standard. Zoning Boards are presumed to know the effective administration of the ordinance. Smith v. Zoning Board of Review of City of Warwick,237 A.2d 551, 554-55, 103 R.I. 238 (1968).
After a review of the entire record, this Court finds the decision of the Providence Zoning Board of Review is supported by rationale, probative, and substantial evidence and is hereby affirmed.
Counsel for the plaintiffs shall prepare and submit a judgment consistent with this decision.
[1] The plaintiff's contention regarding § 704.2 (C) of the zoning ordinance which limits paving in R zones to "[o]nly 50% of the rear yard area" is not applicable because the paving of the rear yard of the subject property predates the change made in the Zoning Ordinance. (Transcript at 6 7).